W. J. ROBERTS and wife v. REUBEN LISENBEE and wife.

*Husband and Wife—Liability of Husband for torts of Wife— Abatement of Action.*

1. Where husband and wife are jointly sued for the wrong of the wife and the wife die, the action abates.

2. Common law and statutory liability of the husband for the contracts and torts of the wife, discussed by ASHE, J.

CIVIL ACTION tried at Spring Term, 1881, of BUNCOMBE Superior Court, before *Gilliam, J.*

The action was brought to Madison superior court by the plaintiffs, William J. Roberts and wife Kate P. Roberts, against Reuben Lisenbee and wife Lucinda Lisenbee, for slanderous words spoken by the wife of the defendant of and concerning the wife of the plaintiff; and at fall term thereof the case was removed upon the affidavit of the defendant to the county of Buncombe, where it was continued from term to term until fall term, 1881, when the defendant Reuben Lisenbee suggested the death of his wife, the codefendant, since the last continuance of the cause, and moved for judgment that the action abate. The cause was then continued until spring term, 1882, when it came on to be heard upon the motion, and it was ordered and adjudged that the action abate, from which judgment the plaintiffs appealed.

Mr. *J. H. Merrimon,* for plaintiffs.
Messrs. *C. A. Moore* and *H. B. Carter,* for defendant.

ASHE, J. It has been the policy of our law-makers since 1868, and even before that date to some extent, to emancipate the wife from many of the disabilities of coverture, re-

sulting from the common law doctrine of the merger of the legal existence of the wife in that of her husband.

This legislation commenced with the act of 1848, which restricted the common law initial rights of the husband as tenant by the courtesy, in the lands of his wife acquired by her since the first Monday of March, 1849 ; then the act of 1871–'72, styled the "marriage act," (Bat. Rev., ch. 69) which invested the wife with many of the rights of a feme sole over her separate property, so that she may devise and bequeath her separate property ; and all the property she acquires before or after marriage is her separate estate by virtue of section 6, article 10 of the constitution. She may make certain contracts with her husband which are binding upon her. She may sue alone when the actions concerns her separate property, and under some circumstances may even sue her husband without the intervention of a next friend. But while the wife has been thus legislated into a state of independence of her husband, as regards her separate estate, the legislature as a sort of compensation to the husband has relieved him from responsibility for the debts of the wife contracted before marriage, and from liability for her torts committed while being in a state of separation from him.

By the common law the husband was held liable to third persons for injury done by his wife, when they afforded ground for a civil action, though done without his knowledge or instrumentality ; and this, not because there was any delict on the part of the husband, but from the necessity of the thing, arising from the incapacity of the wife to be sued without him. For as her legal existence was incorporated in that of her husband, she could not be sued alone, and if the husband was protected from responsibility, the injured party would be without redress. Hence the rule of the common law, that the husband and wife are both liable and must be joined in an action to recover damages

in an action for a tort committed by the wife, alone, without the direction and not in the presence of her husband. *McElfresh* v. *Kirkendall*, 36 Iowa; *Luse* v. *Oaks*, *Ib.*, 562; *Kowing* v. *Manly*, 49 N. Y. Rep., 192–198; *McKean* v. *Johnson*, 1 McCord, 578; *Flanagan* v. *Tinen*, 53 Barb. Rep., 587.

This liability of the husband to be sued jointly with his wife for her torts, attached to him at common law, notwithstanding that he and his wife were living at the time of the wrong done by her, in a state of separation; but the liability continued only so long as the matrimonial relation subsisted between them. McQueen on Husband and Wife, p. 90. In 5 Car. & Payne, p. 484, it was held that "whether the separation was temporary or permanent except for the adultery of the wife, it made no difference. It did not affect the question."

We think it more than probable it was this principle of the common law, holding the husband responsible for the torts of the wife committed in his absence and without his knowledge or connivance, that induced the legislature to enact that provision of the act of 1871–'72 (Bat. Rev., ch. 69, § 25) which provides that "every husband *living* with his wife shall be jointly liable with her, for all damages accruing for any tort committed by her." It was not intended as we believe to enlarge his responsibility, but to abridge his liability at the common law, so as to fasten responsibility upon him only so long as they should live together in the matrimonial relation, and as soon as that terminated, whether by separation or the death of the wife, the liability should no longer exist.

The qualification of the liability of the husband for the torts of his wife committed without his presence or knowledge, as subsisting only during the estate of marriage, was recognized by the common law. The wrong of the wife was not imputed to him. He was only joined with her " *ex necessitate*," because she could not be sued alone. The wrong

was hers, not his. He was liable to the action only because of her liability, and therefore when her liability ceased, his also ceased.

In *Capel* v. *Powell*, 17 C. B. (N. S.), 744, it is held that the " husband is not joined as a co-defendant on the ground that the wife's guilt is imputed to him, but so long as the marital relation continues the wife is incapable of being sued alone, and his liability continues only as the relation of marriage subsists." The corollary from this is, that where as in our case the wife who committed the injury dies, the liability of the husband must cease.

But independent of the conclusion to which the " reason of the thing" brings us, we find an authority in *Kowing* v. *Manly, supra.*, for the position that when husband and wife are jointly sued for the wrong of the wife, and she dies during the pendency of the action, it will not survive against the husband.

We are of the opinion the action abated by the death of the wife.

No error.                                               Affirmed.