MARY ANN McBLAIN, DEFENDANT IN ERROR, v. ROBERT
EDGAR, PLAINTIFF IN ERROR.

Submitted December 11, 1900—Decided March 4, 1901.

1. By the common law it was the duty of everyone against whose
person or property a crime had been committed, to prosecute the
guilty one to conviction. He was in the discharge of his duty,
often compelled to employ counsel, procure the indictment to be
drawn and laid before the grand jury, with the evidence in its
support, and if found, to see that it was properly prosecuted before
the jury of trials.

2. The common law rule is not observed with us. The reason for
its adoption does not obtain here. We have public prosecutors
in every county. With us, whatever be the English usage, the
true rule is believed to be that the party may institute the pro-
ceeding for damages as promptly as he chooses, only he must not
bring on the trial in advance of his public duty.

3. The duty of a private person ceases when he has made his com-
plaint and appeared before the grand jury and secured or failed
to secure an indictment.

4. The declaration of any party to a cause as to the subject-matter
of the controversy—the issue in the cause—is competent to be
proven by the opposite party as a substantive matter of proof for
the plaintiff or defendant.

5. Where a witness, who is also a party to the action, has made
material statements out of court which are in conflict with his
testimony, the opposing party may prove them without first laying
a foundation for the reception of the evidence upon the cross-
examination of the witness. The fact that a party chooses to
take the witness-stand in his own behalf can in no way limit or
restrict this rule.

On error to the Cumberland Circuit Court, on action for
assault.

For the plaintiff in error, *Frank C. Bray* and *Louis H.
Miller.*

For the defendant in error, *William A. Logue.*

The opinion of the court was delivered by

FORT, J. The errors assigned are quite numerous, but
only two of them need be here considered.

To the plaintiff's declaration the defendant, by his second plea, set up that for the offence which the plaintiff claimed damages against him (which was, in the criminal law, rape) he had been indicted by a grand jury of the county of Cumberland, and that this indictment was still pending and wholly undetermined against him, and that therefore plaintiff ought not to have her action, &c.

The affidavit of the defendant to sustain this plea proceeds, after stating that the indictment was found, as follows: "And deponent says that he was tried on said indictment at the May Term of the Cumberland County Quarter Sessions, to which court the said indictment had been handed down to be tried, and that at such trial the jury disagreed; that this deponent has never since been subjected to a new trial or retrial on said indictment, and deponent is informed that the said indictment was voluntarily quashed or dismissed by the entry of a *nolle prosequi,* on behalf of the state, on or about the 15th day of April last, but that the same was never dismissed or quashed by the entry of said *nolle prosequi* until several weeks after the commencement of this action; and that at the time of the commencement of this action the said indictment remained wholly untried, undetermined and undisposed of and yet pended against deponent, as will more fully appear by the record of said indictment and the proceedings had thereon, of record in the Cumberland county, N. J., clerk's office, which said record and proceedings are made a part of this affidavit."

Upon notice and after hearing, by an order dated July 19th, 1899, the court struck out the second plea, on which order, after judgment, error is here assigned.

The contention is that the plea alleges that the defendant is guilty of an offence which, at common law, was a felony, and that the indictment is for such offence, and that no civil suit can be maintained until the plaintiff has prosecuted the criminal offence and there is either a conviction or an acquittal.

The common law rule was not quite so narrow as the plaintiff in error contends, yet it did require either a con-

viction or acquittal of the defendant, or some other termination of the proceeding on the criminal charge by some judicial act for which the plaintiff was not responsible by fault or collusion. *Crosby* v. *Leng,* 12 *East* 409.

The common law rule was founded upon a reason which does not exist with us, and therefore should not be followed.

In England, formerly at least, it was the duty of everyone against whose person or property a crime had been committed to prosecute the guilty one to conviction. He was, in the discharge of this duty, often compelled to employ counsel, procure the indictment to be drawn and laid before the grand jury, with the evidence in its support, and if found, to see that it was properly prosecuted before the jury of trials. 1 *Chit. Cr. L.* 9, 825; 14 *Am. Dec.* 245, *note.*

Such a practice is not observed here. We have public prosecutors in every county. There is no reason for its adoption. As the Supreme Court of Massachusetts says in a very early case: "In the absence of any reason founded on public policy requiring the recognition of the rule, the expediency of its adoption may be well doubted." *Boston Railroad Co.* v. *Dana,* 1 *Gray* 83.

The opinion of Judge Bigelow, in the case just cited, goes so exhaustively into this whole question, both as to the rule at common law and the reasons therefor, and for its non-adoption under our practice and our constitutional guarantee to the citizen, both as to criminal and civil procedure, that we feel constrained to adopt it as a sound statement of the principles applicable to like conditions in this state. That case was cited with approval in *Atwood* v. *Fisk,* 101 *Mass* 363, 365.

The rule at common law has also been repudiated in the following states: *Howk* v. *Mennick,* 19 *Ohio St.* 462; *Hyatt* v. *Adams,* 16 *Mich.* 180; *Thayer v. Boyle,* 30 *Me.* 475; *Newell* v. *Cowan,* 30 *Miss.* 492; *Brunson* v. *Martin.* 17 *Ark.* 270.

Many states have also abolished the rule by statute, and a full reference to the cases on that subject will be found in the note to the case of *Foster* v. *Fuches,* 14 *Am. Dec.* 243, before referred to.

Bishop (1 *Bish. Cr. L.,* §§ 267, 272) states the present rule on this question as follows:

"Assuming the English doctrine to prevail with us, still the reason of it does not require a total postponement of the civil suit until the criminal is terminated. With us, whatever be the English usage, the true rule is believed to be that the party may institute the proceeding for damages as promptly as he chooses, only he must not bring on the trial in advance of his public duty."

The duty of a private person in this state ceases when he has made his complaint and appeared before the grand jury and secured or failed to secure an indictment. After that the prosecution is in the hands of the public prosecutor, and for his acts the private citizen is not responsible nor chargeable with either his zeal or neglect in prosecuting.

The plea was rightly stricken out.

The remaining error to be considered in this case relates to the refusal of the court to permit the defendant's counsel to prove, by independent witnesses, statements alleged to have been made by the plaintiff as to the occurrence in controversy differing from those stated by her in her testimony on the trial, the learned judge holding that such contradictory statements could not be thus proven until a foundation had been laid therefor by first calling the plaintiff's attention to them upon the witness-stand and she being interrogated as to whether she had made them.

This is the rule applicable to a witness other than a party in a cause, but we are not aware of any authority sustaining the application of that rule to the statements of a party plaintiff or defendant.

The declaration of any party to a cause as to the subject-matter of the controversy—the issue in the cause—is competent to be proven by the opposite party as a substantive matter of proof for the plaintiff or defendant.

Such evidence is not, as in the case of other witnesses, solely to contradict or discredit; it is affirmative proof. 11 *Am. & Eng. Encycl. L.* (*2d ed.*) 508.

If the ruling here under review was sustained, even decla-

rations against interest could not be admitted until after calling the attention of the party who may have made them to them, as a preliminary to their admissibility.

There is no rule of evidence so requiring. 1 *Greenl. Evid.* (*15th ed.*), § 171.

A declaration is admissible as *original evidence* where the *fact* that it was made is the point in controversy and not its truth or falsity. 1 *Greenl. Evid.* (15th ed.), § 123; 1 *Jones Evid.*, § 854.

Under the title "Witness" in the first edition of the *American and English Encyclopedia of Law,* the rule applicable to this question is stated as follows:

"Where a witness who is also a party to the action has made material statements out of court, which are in conflict with his testimony, the opposing party may prove them without first laying a foundation for the reception of the evidence upon the cross-examination of the witness. The fact that a party chooses to take the witness-stand in his own behalf can in no way limit or restrict the right of the opposing party to prove his admissions against interest." 29 *Am. & Eng. Encycl. L.* (*1st ed.*) 778.

In this case declarations of the plaintiff contrary to those made upon the stand might have been very important for the defendant to prove. The plaintiff's case rested almost wholly for its support upon her evidence alone. It was her oath against the defendant's, and we cannot say that the error of the judge in refusing to admit the offer was harmless. It seems to us that it went to the substantive matter of the defendant's defence, and that he was injured thereby.

For this error the judgment is reversed.


*For affirmance*—None.


*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, VAN SYCKEL, DIXON, COLLINS, FORT, GARRETSON, BOGERT, KRUEGER, HENDRICKSON, ADAMS, VREDENBURGH, VOORHEES.   13.