D. WOLFF & CO., INCORPORATED, DEFENDANT IN CERTIORARI, v. IKE LOZIER, PLAINTIFF IN CERTIORARI.

Submitted March 18, 1902—Decided June 9, 1902.

1. The torts or frauds, of a wife, for which a husband was liable at common law, were such as were torts *simpliciter* or cases of pure simple tort and not where the substantive basis of the tort was the contract of the wife.
2. A wife alone is liable for her torts, when committed in the management and control of her separate property, since the statutes relating to married women.

On *certiorari* to District Court of the city of Orange.

A form of the contract referred to in opinion follows, viz.: "No ......

"This is to certify, that I, the undersigned, of full age, have leased from D. Wolff & Co., of the city of ..........
county of ...... State of New Jersey ...................
at the price of ........ dollars, which sum I agree to pay in the following manner:

................ dollars on delivery of goods, and balance in ......... payments of .......... dollars, commencing ..................190.

"And I also agree that the title to said property shall remain in said D. Wolff & Co. until the whole amount above stated is

paid; and that in case I make default in the payment of any installment, I agree not to wear or use said property without the written consent of D. Wolff & Co. while in arrears, and I do hereby authorize the said D. Wolff & Co., or their agents, to enter my dwelling-house, store or other place, wherever the said property may be found, and to take and remove the said property without due process of law, hereby releasing and discharging the said D. Wolff & Co., and their agents, from any suit or action that I might have by reason of the taking and the carrying away of said property, or the entering of said dwelling-house, store or other place. I also agree that I will not sell said property or pledge the same, and that I will not remove the same out of the State of New Jersey until fully paid for; and that I will notify the said D. Wolff & Co. of any removal of my place of residence; and I also agree that the said D. Wolff & Co. may, upon default in payment as aforesaid, retain all the money paid on account of said property, upon condition that if I shall, within thirty days after they have taken possession of said property, pay to them all arrears due, together with cost of recovering possession, they shall re-deliver said property to me, to hold upon the same terms and conditions as before. I further agree that if I fail to fulfill this agreement and therefore D. Wolff & Co. shall find it necessary to demand their property, and upon my refusal to return said property, or upon my refusal to show said property to D. Wolff & Co. or their agents, thereby not enabling them to place a proper and just value on said goods, then I agree, in case suit in tort for conversion of property should be brought against me, that the amount of damages shall be the exact amount due the said Wolff & Co., and I also agree that this contract shall be construed in all places according to the laws of the State of New Jersey.

"Signed this ........ day of ........, nineteen hundred and ........"

The following are the facts returned by the trial judge:

"1. That at sundry times in the year eighteen hundred and ninety-eight, one Ida Lozier, the wife of the prosecutor, leased from D. Wolff & Company, a corporation, various

articles of clothing and wearing apparel for herself and children, of the total value of twenty-six dollars and seventy-five cents; that the goods were obtained under and delivered pursuant to written leases, some of which were signed by her as 'Mrs. Ida Lozier;' that it was agreed between the parties in these leases that the title to the goods should remain in D. Wolff & Company until the whole amount above stated was paid; that payments should be made in installments at the rate of four dollars per month; that should default be made in the payments of any installment, said goods were not to be worn or used without the written consent of D. Wolff & Company, and that no such consent was asked for or given.

"2. That the account was entered on the books of D. Wolff & Company and carried in the names of Ike Lozier and Ida Lozier.

"3. That payments were made on account of the transaction from time to time, but that the full amount due was not paid, and that D. Wolff & Company were unable to collect the balance due.

"4. That default having been made in the payment of the stipulated installments, D. Wolff & Company caused to be served personally on each of the defendants, Ike Lozier and Ida Lozier, written demands for the goods delivered under the written leases aforesaid, and that the defendants each and severally refused to deliver and surrender the said goods to the defendant, D. Wolff & Company; that these demands were made and served prior to the commencement of the action.

"5. That the fair market value of the goods at the time of the demand and refusal was the sum of eleven dollars and seventy-five cents.

"All of which is respectfully submitted to the said court, as witness my hand and seal of the District Court of the city of Orange, this nineteenth day of February, nineteen hundred and two.

"CHARLES B. STORRS,
*"Judge of Orange District Court."*

Before Justices FORT, HENDRICKSON and PITNEY.

For the prosecutor, *Mary Philbrook.*

For the defendant, *I. Faerber Goldenhorn.*

The opinion of the court was delivered by

FORT, J.  This was an action of tort brought in the Orange District Court against Ike Lozier and Ida Lozier, his wife. The tort is alleged to have arisen out of the refusal of the defendants to deliver certain articles of wearing apparel purchased of the plaintiffs by Ida Lozier, the wife, under a contract, upon condition that the property purchased should remain the property of the plaintiffs until paid for.  The form of the contract, as taken from the brief of the plaintiff's counsel, and the facts found by the judge of the District Court, as certified under a rule of this court, are set out at the head of this opinion.

Under the facts returned there is no justification for the judgment returned against Ike Lozier, the prosecutor in this case.  He did not purchase the articles.  He did not contract to return them nor was he in any way, so far as the evidence shows, a party to any contract for the breach of which an action of trover (if such a thing be possible) would in any case lie against him.  Nor is there proof that the articles sold under the contract to Ida Lozier, his wife, came into his possession or under his control, or that he had the property in his possession at the time demand for its delivery was made upon him, or that it had ever been in his possession or under his control prior to that date.  In that state of the proof, no action for trover for unlawful conversion of the property will lie against him.  This is so elementary that a citation of authorities seems unnecessary.

It was attempted to justify the judgment in this case against the prosecutor upon the ground that his wife, Ida Lozier, had purchased the articles of wearing apparel in question under a written contract (like the form above) and that the articles had been delivered to her upon the conditions

therein mentioned, and that upon her failure to return, upon the breach thereof and after demand, she was guilty of a tortious act and that her husband, the prosecutor, was liable for the tort of his wife by the well-established rules of the common law.

This contention, we think, is without legal support. The torts of a wife for which a husband was liable at common law were not such as arose out of a refusal to return property held under her contract, for the very good reason that she could not make such a contract. By the common law, the husband and wife were one. She could hold no personal property. Her property was his, and, if he would be liable in trover for property delivered to his wife, it would be because, though delivered to her, it was nevertheless his. All this is changed by our statutes permitting a married woman to contract and hold real and personal property as if a *feme sole. Gen. Stat., p.* 2017, § 26.

If it had been possible to have maintained trover at common law against a husband in a case like this, it would have been for the reason that unity in law existed during the marital state. But when the reason goes the rule goes also. Neither would therefore exist any longer with us. *McBlain* v. *Edgar,* 36 *Vroom* 634.

But it is doubtful if, for torts of this character, a husband could have been held even at common law. The torts or frauds for which a husband was liable at common law were such as were torts *simpliciter,* or cases of pure, simple tort, and not where the substantive basis of the tort is the contract of the wife. *Woodward* v. *Barnes,* 46 *Vt.* 332; *S. C.,* 14 *Am. Rep.* 626; *Keen* v. *Hartman,* 48 *Pa. St.* 497.

A wife alone is liable for her torts when committed in the management and control of her separate property since the statutes relating to married women. *Baum* v. *Mullen,* 47 *N. Y.* 577.

The judgment in this case against the husband, the prosecutor, is reversed.