HARRY W. HARRINGTON AND ANNA HARRINGTON, PLAINTIFFS IN ERROR, v. JOSHUA JAGMETTY AND SUSAN A. JAGMETTY, DEFENDANTS IN ERROR.

Argued March 6, 1912—Decided June 19, 1912.

Since the passage of the Married Women's acts, a husband is not liable for the torts of his wife, growing out of the conduct by her of her own business, or arising from the management by her of her separate property.

---

On error to the Atlantic County Circuit Court.

Two suits were instituted in the Circuit Court of Atlantic county against Joshua Jagmetty and Susan A. Jagmetty, his wife, one by Anna Harrington to recover for personal injuries received by her in an elevator accident at the hotel known as Elmont Hall, wherein she was a guest, and the other by Harry W. Harrington, her husband, for loss occasioned to him thereby.   The two suits were tried together.

The trial judge directed a verdict in favor of the defendant Joshua Jagmetty, and the jury disagreed as to the liability of the defendant Susan A. Jagmetty.

The only assignment of error rests upon the exception taken to the action of the court in directing the jury to render a verdict in favor of the defendant Joshua Jagmetty.

Mrs. Harrington, the female plaintiff, for the purpose of reaching her room on the top floor of the hotel, took the elevator. When the top floor had been reached, the car was brought to a full stop, and the operator opened the door and stepped out. The plaintiff attempted to leave the car also, and had placed one foot on the landing floor, when the elevator started downward, and when the cage had descended about half its height below the floor, the operator called to her to step back and then pushed her back into the car and then he stopped the movement of the car. Mrs. Harrington, meanwhile, had fallen and fractured her leg in two places at the ankle, and sustained other injuries.

The declaration alleges that the two defendants conducted and carried on the business of hotel proprietors, and as such maintained and used the elevator for transporting the guests of the hotel, and were negligent in failing to provide a safe appliance for keeping the elevator at rest when stopped by the operator.

The plaintiffs offered a lease for the hotel premises for five months, to both defendants, the demise covering the date of the accident.

For the plaintiffs in error, *Chandler & Robertson.*

For the defendants in error, *Eugene G. Schwinghammer.*

The opinion of the court was delivered by

VOORHEES, J. Passing any technical objections to the entry of this judgment, and considering the case upon its merits, it seems clear that the direction of the verdict was proper.

Liability was rested upon the fact that the two defendants were together carrying on the business and conducting the

hotel. To prove it, the lease was offered. The clerk of the hotel testified that he was employed by Mrs. Jagmetty, from whom he received most of his instructions, but that her husband had once in a while given him orders, and had paid him.

The defendants each testified that the husband had no connection with the business, which was entirely the wife's, as was the capital employed therein. There was no attempt to contradict this proof. The testimony conclusively showed that the hotel was run exclusively by the wife. The effect of the lease was not to the contrary.

Whatever may have been the consequence of the necessary joinder of husband and wife, in an action for a tort committed by the wife before the passage of the statutes relating to married women, since the passage of those acts, the husband is not liable for the torts of his wife, growing out of the conduct by her, of her own business, or arising from the management by her of her own separate property. It was so held by the Supreme Court in *Wolff & Co.* v. *Lozier,* 39 *Vroom* 103, and we approve the reasoning of that case on that point.

The result is that the husband was not responsible for the injury received by the plaintiff, and the direction of the verdict in the defendant's favor was proper.

The judgment under review will be affirmed.

*For affirmance*—THE CHIEF JUSTICE, GARRISON, BERGEN, VOORHEES, MINTURN, KALISCH, BOGERT, VREDENBURGH, CONGDON, WHITE, TREACY, JJ. 11.

*For reversal*—SWAYZE, TRENCHARD, PARKER, VROOM. JJ. 4.