# MINNIE A. BOUTELL v. EDWARD F. SHELLA-BERGER, Appellant.

### Division One, March 2, 1915.

1. **LIABILITY OF HUSBAND FOR TORTS OF WIFE: In Connection With Her Separate Property.** The husband is not liable in damages for personal injury to a passenger in an elevator in a building owned by his wife as her separate statutory property and leased and managed by her independently of her husband.

2. ————: ————: **Effect of Married Woman's Acts.** By the express terms of the statute (Sec. 8309, R. S. 1909) an apartment house owned by a married woman in her own name is "under her sole control" and in no way liable for her husband's debts; and another statute (Sec. 8304, R. S. 1909), with respect to her right to manage her property, to contract and be contracted with, to sue and to be sued, and to enforce and to have enforced against her property any judgment rendered for or against her, explicitly says she shall be deemed a *femme sole*, thereby completely emancipating her, at least so far as her separate property is concerned, and opening new fields of endeavor closed to her at common law; and since the husband is left by said statutes no legal right to intermeddle with the business affairs and property of his wife, it is not logical to admit him to her new sphere solely that he may pay damages for torts committed by her in the management of her property; and he is not liable in damages for her torts committed in the management of her separate property, and out of his presence, without his participation and not under his direction. [Distinguishing Nichols v. Nichols, 174 Mo. 407, holding that, despite the Married Woman's Acts, the husband is still liable for the wife's purely personal torts, or torts *simpliciter*, as at common law; and Flesh v. Lindsay, 115 Mo. 1, in which was held in judgment the liability of the wife for damages caused by the falling in 1887 of a party wall weakened by the negligence of workmen employed by the husband in making repairs to a building erected on a lot inherited by the wife in 1877, the tort antedating the Married Woman's Act.]

3 ————: ————: **Act of 1881.** The Act of 1881 (Sec. 6870, R. S. 1889), providing that "the husband's property, except such as may be acquired from the wife, shall be exempt from all debts and liabilities contracted or incurred by his wife before their marriage" is not opposed to the conclusion that the husband is not liable for the torts committed by the operator

of an elevator in a building on the separate statutory property of the wife, leased and managed by her; nor did its reenactment in a revised bill in 1889 bring it into conflict with the Married Woman's Act enacted in that year, but merely continued it as before and added nothing to its force and effect. [Again distinguishing Nichols v. Nichols, 147 Mo. 407.]

Appeal from Jackson Circuit Court.—*Hon. James E. Goodrich*, Judge.

REVERSED.

*Marley & Marley* for appellant.

(1) The husband can only be jointly held with his wife, for the simple or personal torts of the wife. Merrill v. St. Louis, 83 Mo. 244; Flesh v. Lindsay, 115 Mo. 1; Writ v. Dinan, 44 Mo. App. 589; Bruce v. Bombeck, 79 Mo. App. 231; Rowe v. Smith, 45 N. Y. 230; Ball v. Bennett, 21 Ind. 427; Mahoney v. Roberts, 86 Ark. 130; Roberts v. Lisenbee, 86 N. C. 136; Woodmen v. Barnes, 46 Vt. 332; Keen v. Hartman, 48 Pa. St. 497; Komisky v. Goldberg, 44 Ark. 401; Wolf v. Lozier, 68 N. J. L. 103; Kowing v. Manly, 49 N. Y. 198; Schuler v. Henry, 42 Colo. 367; Strouse v. Leipf, 101 Ala. 433; Curtis v. Dineen, 4 Dak. 245; Graham v. Tucker, 56 Fla. 307; Braunnell v. Carr, 76 Vt. 174; Edwards v. Wissinger, 65 S. C. 161; Prentis v. Paisley, 25 Fla. 927. (a) The husband and wife must be sued jointly. Flesh v. Lindsay, 115 Mo. 1; Merrill v. St. Louis, 83 Mo. 244; Baker v. Young, 44 Ill. 42; Ball v. Bennett, 21 Ind. 427; Enders v. Beck, 18 Iowa, 86; Heckle v. Lurvey, 101 Mass. 344; Flannigan v. Tiner, 53 Barb. 587; Marshall v. Oakes, 51 Me. 308; Wheeler S. M. Mfg. Co. v. Heil, 115 Pa. St. 487; Mahoney v. Roberts, 83 Ark. 130; Smith v. Taylor, 11 Ga. 20; Carlton v. Haywood, 49 N. H. 314; Dicey on Parties to Actions, rule 107. (b) The husband's liability at common law, for the wife's simple or personal torts does not rest upon the fact that in contemplation of law, he is the party guilty of the

tortuous act. Kominsky v. Goldberg, 44 Ark. 402; Kowing v. Manley, 49 N. Y. 192; Rodke v. Schmidt, 30 Ind. App. 213; Capelle v. Powell, 112 E. C. L. 744; Schuler v. Henry, 42 Colo. 367; Drury v. Dennis, Yelv. 106. (c) A judgment against the husband alone, for the wife's torts, will be reversed. Flesh v. Lindsay, 115 Mo. 20; Gruen v. Bamberger, 11 Mo. App. 261; Wisdom v. Newberry, 30 Mo. App. 241; Gage v. Reed, 15 Johns. 403; Gray v. Thatcher, 4 Ala. 136; Grennlief v. Beebe, 80 Ill. 520; Mahoon v. Colment, 51 Miss. 60; Bacon v. Bevan, 44 Miss. 293; Roberts v. Lisenbee, 86 N. C. 136; Hutchison v. Henson, 7 Term. Rep. 348; Dure v. Thorne, Alyn. 72; Angel v. Felton, 8 Johns. 149; Platner v. Patchin, 19 Wis. 333; Dicey on Parties to Actions, rule 69. (2) The husband is not liable for the torts committed by his wife in the management of her separate estate. Staley v. Ivory, 65 Mo. 74; Gillies v. Lent, 2 Ab. Prac. (N. S.) 455; Quilty v. Battie, 135 N. Y. 209; Peak v. Lemon, 1 Lansing, 297; Fisk v. Bailey, 51 N. Y. 150; Baum v. Mullen, 47 N. Y. 577; Rowe v. Smith, 45 N. Y. 230; Lansing v. Holdrige, 58 How. Pr. 449; Eagle v. Swayze, 2 Daly, 140; Magan v. Peck, 111 N. Y. 401; Choen v. Porter, 66 Ind. 196; Wolff v. Lozier, 68 N. J. L. 103; Eliazon v. Draper, 8 How. Pr. 395; Graham v. Tucker, 56 Fla. 307; Mayhem v. Porter, 103 Ind. 328; Russell v. Phelps, 73 Vt. 393; Gustin v. Westenberger, 224 Pa. St. 455; Schuler v. Henry, 94 Pac. 360; Shane v. Lyons, 172 Mass. 199; Walker v. Swayze, 3 Abb. Pr. 136; Hinds v. Jones, 48 Me. 349; Martin v. Robson, 65 Ill. 137; Greenlief v. Beebe, 80 Ill. 520; Madden v. Gilmer, 40 Ala. 637; Mahoon v. Colment, 51 Miss. 60; Bacon v. Bevan, 44 Miss. 293; Harvey v. Johnson, 133 N. C. 352; Pomeroy on Code Remedies, 222; Bliss on Code Pleadings, sec. 86. (3) The Enabling Act completely emancipates the married woman. Kirkpatrick v. Pease, 202 Mo. 490; Lyons v. Reynolds, 184 Mo. 693; Bank v. Hageluken, 165 Mo. 449. (4) Rosa Shellaberger, in the management of her own property, being as

a stranger to her husband, to hold him liable in this action would be a taking of his property without due process of law. Camp. v. Rogers, 44 Conn. 296; Railroad v. Parsons, 100 Ala. 666; Ziegler v. Railroad, 58 Ala. 598; Railroad v. Outcault, 2 Colo. App. 398; Railroad v. Vaughn, 3 Colo. App. 465; Wadsworth v. Railroad, 18 Colo. 611; Catril v. Railroad, 2 Idaho, 578; Railroad v. Parks, 32 Ark. 131; Bielenberg v. Railroad, 8 Mont. 271; Jensen v. Railroad, 6 Utah, 253; East Kingston v. Towle, 48 N. H. 57; Jolliffe v. Brown, 14 Wash. 159; Railroad v. Lackey, 78 Ill. 56; Bowe v. The Reflector Co., 36 Hun, 407; Sunberg v. Babcock, 61 Iowa, 602; Coster v. Water Co., 18 N. J. Eq. 55; Madland v. Benland, 24 Minn. 379; Railroad v. Polt, 34 U. S. Sup. Rep. 301; Railroad v. Wynne, 224 U. S. 354; Adair v. U. S., 208 U. S. 161; Dewey v. Des Moines, 173 U. S. 202; Railroad v. Cleveland, 204 U. S. 117; Smith v. Bivens, 56 Fed. 353; Shaver v. Railroad, 71 Fed. 932; Johnson v. Hudson, 96 Tenn. 630. (5) And is also a denial of the equal protection of the law. Wadsworth v. Railroad, 18 Colo. 611; Railroad v. Westby, 178 Fed. 621; Sams v. Railroad, 174 Mo. 53; Cotting v. Stock Yards Co., 183 U. S. 102; Railroad v. Swanger, 157 Fed. 783; Michigan Tax Cases, 185 Fed. 638; Yick Wo v. Hopkins, 118 U. S. 366; Railroad v. Ellis, 165 U. S. 151. (6) The ordinance through which the plaintiff attempts to fix a liability on the appellant here, is void, as no civil liability between persons can be created by a municipal ordinance. Fath v. Railroad, 105 Mo. 537; Moran v. Pullman Co., 134 Mo. 641; Eisenberg v. Railroad, 33 Mo. App. 85; Sluder v. Railroad, 189 Mo. 113.

*Brewster, Kelly, Brewster & Buchholz* and *Hogsett & Boyle* for respondent.

(1) Plaintiff is entitled to recover from defendant for injuries caused by the tort of defendant's wife.

(a)  A person injured by the tort of the wife in the management of propery owned by her, has a cause of action against both the husband and the wife for such tort.   Flesh v. Lindsay, 115 Mo. 1; Nichols v. Nichols, 147 Mo. 408; Taylor v. Pullen, 152 Mo. 434; Bruce v. Bombeck, 79 Mo. App. 236; Merrill v. St. Louis, 83 Mo. 244, 12 Mo. App. 466.   (b)  The plaintiff having a cause of action against both Rosa R. Shellaberger and Edward F. Shellaberger, and being entitled by law to one satisfaction therefor, had the right to bring suit thereon jointly against both or against either, as plaintiff might think proper.   Sec. 1734, R. S. 1909; Badgley v. St. Louis, 149 Mo. 122; Noble v. Kansas City, 95 Mo. App. 171; Hutchinson v. Safety Gate Co., 247 Mo. 110; Winn v. Railroad, 245 Mo. 412.   (2)  The defendant by demanding a trial before his wife could be summoned into court, waived the right to object to her nonjoinder. Mancuso v. Kansas City, 74 Mo. App. 138; State ex rel. v. Chemical Works, 249 Mo. 721; Johnson v. United Railways, 247 Mo. 358; White v. Railroad, 202 Mo. 561; Hanson v. Neal, 215 Mo. 270; Hudson v. Wright, 204 Mo. 424; Paddock v. Somes, 102 Mo. 235; Aley v. Railroad, 211 Mo. 460; Schulenburg v. Werner, 6 Mo. App. 296.   (3)  The judgment in this case does not deprive defendant of his property without due process of law.   Hulett v. Railroad, 145 Mo. 35; State ex inf. v. Shepher, 177 Mo. 243; State ex rel. v. Mercantile Co., 184 Mo. 183; St. Joseph v. Truckenmiller, 183 Mo. 16; Holmes v. Murray, 207 Mo. 418; Matthews v. Railroad, 121 Mo. 298, 165 U. S. 1; Levick v. Norton, 51 Conn. 461; Bidwell v. Murray, 40 Hun, 190; Darlington v. New York, 31 N. Y. 164; Champaign County v. Church, 62 Ohio St. 318; Bertholf v. O'Reilly, 74 N. Y. 509; Dugan v. Neville, 49 Ohio St. 462; Mullen v. Peck, 49 Ohio St. 447; Railroad v. Zernecke, 183 U. S. 582; Clark v. Russell, 97 Fed. 900.   (4)  Defendant has not been denied the equal protection of the laws.   State v. Brodnax, 228 Mo. 44; Matthews v. Railroad, 121 Mo. 298;

Railroad v. Matthews, 165 U. S. 1; Campbell v. Railroad, 121 Mo. 340; Adams v. Railroad, 138 Mo. 242; Insurance Co. v. Railroad, 149 Mo. 165; Hines v. Railroad, 86 Mo. 629; Kingsberry v. Railroad, 156 Mo. 379. (5) The violation of the ordinance requiring a competent elevator operator, constituted actionable negligence. Sluder v. Railroad, 189 Mo. 113; Jackson v. Railroad, 157 Mo. 621; Wendler v. Furnishing Co., 165 Mo. 527; Hirst v. Real Estate Co., 169 Mo. 194; Purcell v. Shoe Co., 187 Mo. 289; Johnson v. Railroad, 203 Mo. 400; Holland v. Railroad, 210 Mo. 350; Laun v. Railroad, 216 Mo. 578; King v. Railroad, 211 Mo. 1; Stafford v. Adams, 113 Mo. App. 721; Steinmann v. Transit Co., 116 Mo. App. 673; Stotler v. Railroad, 200 Mo. 120; Shellaberger v. Fisher, 143 Fed. 937.

BLAIR, J.—Respondent lived with her minor son in an apartment house in Kansas City, and the son was injured by the alleged negligence of the operator of an elevator maintained in the building by the owner for the use of the occupants. Appellant's wife owned the building. Under our statute it was her statutory separate property, having been acquired in 1899, and was leased and managed by her, through her agent, independently of her husband.

*Liability of Husband for Torts of Wife.*

This action for damages was begun against appellant and his wife. No service having been had upon the wife the case proceeded to judgment against the husband alone and he appealed.

This record presents the question whether a husband is liable for the torts of his wife committed by her in the management of her separate real property, the husband neither being present, directing nor otherwise participating therein.

This question has been passed upon in many jurisdictions. In practically all of them it is held that in circumstances like those in this case the husband is not

liable.    The question has never been squarely decided by this court.

The decisions in other jurisdictions fall into several classes: First, those under statutes expressly exempting the husband from liability.    These are not in point here because founded upon such statutes.    Second, those which hold that the effect of statutes, substantially like ours, affecting married women, has been to sweep away all liability of the husband for the wife's torts.    Third, those holding that the husband's liability for the wife's torts remains unaffected by married women's statutes and now includes liability in circumstances like those in the instant case.    These are few. Fourth, those holding that the married women's statutes do not affect the husband's liability for the torts *simpliciter,* the purely personal torts, of the wife, and that this remains as at common law; but that the husband is not liable for the wife's torts when committed in the management of her separate property and out of the husband's presence, not under his direction and without his participation.

The courts of this State consistently hold that, despite our statutes affecting the status of married women, the husband is still liable for the wife's purely personal torts, as at common law.

Instances are: Nichols v. Nichols, 147 Mo. 407 et seq., in which case the husband and wife were sued by their daughter-in-law for their act in alienating from her the affections of her husband, their son; Taylor v. Pullen, 152 Mo. 434, in which case the basis of the action was slander uttered by the wife, "without the presence, knowledge or consent" of the husband; Bruce v. Bombeck, 79 Mo. App. 231, in which case the facts were that the wife (so the jury found) was racing a horse in a city street and negligently struck and injured plaintiff.

The case of Wirt v. Dinan, 44 Mo. App. 583, was one in which the wife was charged with stealing cattle and selling them to plaintiff, falsely representing them

as her own and that she was unmarried.  The suit was to recover the amount paid the woman for the cattle. The husband was held liable.  The case arose prior to the enactment of the statute capacitating the wife to be sued as *femme sole*, though she might sue to protect her separate personalty.  [Laws 1883, p. 113.]  ELLISON and GILL, JJ., concurred in the result only.  The opinion is to the effect that the wife's contract was void and that it was as if it had never been; that to sustain the action did not give any effect to the contract and, consequently, it was, in effect, a simple action for the wife's fraudulent representations and fell within the general common law rule refining the husband's liability for the wife's torts.  Whether we approve or disapprove the reasoning employed and the result reached, it is clear the decision adds nothing to those already mentioned, but falls within the same class.

Since these decisions, and their like, deal only with the simple personal torts of the wife, they are not authority beyond that field.  For such torts the husband was liable at common law and the husband's liability for such torts, these cases hold, is unaffected by the statutes changing the status of married women.

In this case the apartment house was Mrs. Shellaberger's statutory separate estate.  By the express terms of the statute (Sec. 8309, R. S. 1909), it was "under her sole control" and in no way liable for her husband's debts.  With respect to her right to manage the property and to contract and be contracted with, to sue and be sued, and enforce and have enforced against her property any judgments rendered for or against her, the statute (Sec. 8304, R. S. 1909) explicitly provides she *shall be deemed a femme sole.*

Under the common law, had there been no statutes affecting the situation, the husband would have been entitled to the use of the apartment house and the wife could have made no contract concerning it, nor could she have had an agent in connection with it.  The stat-

ute, however, declaring that the wife's property, real and personal, shall be her separate property and it shall "be under her sole control" and declaring that she "shall be deemed *femme sole* so far as to enable her to carry on and transact business on her own account, to contract and be contracted with, to sue and be sued," etc., both excludes the husband as a factor so far as the wife's property, business and contracts are concerned and provides remedies against her in behalf of those who have rights to enforce.

To hold that such a sweeping change in the wife's status, introducing relations and activities on the part of the wife unknown to the common law, opening a field for torts by the wife which her former status made impossible, left the husband liable for torts committed by her in connection with the management of her separate property, would be not merely to adhere blindly to an ancient rule, but to attempt to bring within it things which could not have been within its purview as formerly understood.

The statutes wholly emancipate the wife, at least so far as her separate property is concerned, and open new fields of endeavor closed to the wife by the common law. Since the husband is left no legal right to intermeddle with the business affairs and property of the wife, it is not logical to admit him to her new sphere solely that he may pay damages for torts the wife commits therein, excluding him for all other purposes.

The great weight of authority supports the conclusion that the husband is not liable in this case. [Quilty v. Battie, 135 N. Y. 201; Rowe v. Smith, 45 N. Y. 230; Henley v. Wilson, 137 Cal. l. c. 274, citing Pomeroy on Remedies and Remedial Rights, secs. 320, 321; Wolff & Co. v. Lozier, 68 N. J. L. l. c. 107; Harrington et ux. v. Jagmetty et ux., 83 N. J. L. 548; 1 Cooley on Torts (3 Ed.), sec. 135, p. 197; Vanneman v. Powers, 56 N. Y. l. c. 43.]

It is urged, however, that in Flesh v. Lindsay, 115 Mo. 1, this court passed upon the question here involved and committed itself to the position opposed to that taken in the cases just cited. An examination of the authorities in other jurisdictions discloses that such is the *general reputation* of the case of Flesh v. Lindsay. Such, however, is not its *character*.

In that case the principal question discussed was whether the wife could be held for loss caused by the falling in 1887 of a party wall weakened by the negligence of workmen making repairs on a building erected on a lot inherited by the defendant wife in 1877. The workmen were employed by the husband, with the knowledge and consent of the wife. That case is not in point as it appears from the facts (1.) that the property there involved was not the separate property of Mrs. Lindsay, as the court expressly states in the opinion and as the facts stated clearly show; (2) that the statutes making the wife's realty her separate property and declaring it should be under her sole control and declaring she should be deemed a *femme sole* with respect to her right to transact business, contract and be contracted with, sue and be sued, were not enacted until 1889, two years after the tort was committed in 1887, and were prospective in effect; (3) and that the real question discussed was not the husband's liability, but that of the wife. Flesh v. Lindsay is not in point.

Nor is the Act of 1881 opposed to the conclusion that the husband is not liable in this case. That act is to the effect that: "The husband's property, except such as may be acquired from the wife, shall be exempt from all debts and liabilities contracted or incurred by his wife before their marriage." [R. S. 1889, sec. 6870.]

In Nichols v. Nichols, supra, it was said that "upon the familiar principle of *expressio unius, exclusio alterius*" the act was "a positive expression of the legislative intent as to the extent to which" the married

women's statutes should exempt the husband from lia-
bility for the wife's torts. That case, however, in-
volved the question as to the husband's liability for the
wife's torts *simpliciter*. It cannot be supposed that the
act was intended to extend the field of the husband's
liability. When it was passed (in 1881) the wife could
have no statutory separate estate in realty. Such sep-
arate estate as she might have called for a trustee and
was equitable. Besides the Act of 1881 can hardly be
held to modify the effect of the acts of 1889 relating to
married women. The re-enactment of the Act of 1881
in the revised bill of 1889 merely continued it as before
and added nothing to its force or effect. The construc-
tion given the Act of 1881 in Nichols v. Nichols, supra,
is fully preserved by applying it now to the legal status
in the light of which it was first enacted. This was all
that was done in the Nichols case.

We conclude that under the facts of this case ap-
pellant is not liable. The judgment is reversed. All
concur, *Woodson, J.,* in separate opinion.

WOODSON, J.—I fully concur in the opinion of
my learned associate filed in this case, not only for the
reasons therein stated, but for the further reason I
never have and never will subscribe to the doctrine
that the husband is responsible for any of the torts of
his wife committed after the enactment of the Mar-
ried Woman's Act of 1889.

There was a show of reason and justice for that
rule prior to the emancipation of the wife and her prop-
erty from the grasp of the husband. Then he took pos-
session of her person and property by nature of the
marriage—they becoming one, and he that one, and as
an incident thereto he swallowed up her property also.
Having thus absorbed the personnel of his wife and
her property, it was considered but just that he should
assume all of the responsibilities for which she other-
wise would have been liable. Otherwise, no redress

whatever could have been had for the torts committed by her.

But now, under the liberal legislative enactments and judicial rulings completely emancipating the wife from her husband in all property and business relations, it seems to me that there is no longer a vestige of law, reason or justice left upon which to base a claim for damages against the husband for the separate torts of the wife. Such rulings are in my opinion wrong in morals and a travesty upon justice.