Mrs. Anna Foster *v.* James M. Ingle *et ux**

(*Nashville.*  December Term, 1922.)

1. **HUSBAND AND WIFE.**  Husband is not liable for wife's torts in connection with her separate property.

Under Public Acts 1919, chapter 126, section, 1 fully emancipating married women from all disability on account of· coverture, the common-law liability of a husband for the voluntary torts of the wife is abrogated so far as those torts are connected with her separate property, and therefore a husband is not liable for ·the damages caused by his wife's negligence in operating an automobile which was her separate property.  (*Post, pp.* 220-222.)

Acts cited and construed:  Pub. Acts 1919, ch. 126, sec. 1.

Cases cited and approved:  Quilty v. Battie, 135 N. Y., 201; D. Wolff & Co. v. Lozier, 68 N. J. Law, 103; Hinds v. Jones, 48 Me., 348; Boutell v. Shellaberger, 264 Mo., 70; Henley v. Wilson, 137 Cal., 273; Harrington v. Jagmetty, 83 N. J. Law, 548; Roberts v. Lisenbee, 86 N. C., 136.

2. **HUSBAND AND WIFE.**  Before emancipation acts, husband must be joined in suit for wife's torts.

Before the passage of the Married Women's Emancipation Act, the wife could not be sued alone for her torts, but her husband must be joined with her; but, since the enactment of that statute, doing away with necessity of joining the husband, the reason for suing him for his wife's torts no longer exists.  (*Post, pp.* 222, 223.)

Acts cited and construed:  Acts 1919, ch. 126.

Case cited and distinguished:  Price v. Clapp, 119 Tenn., 434.

---

*On the question of the effect of married women's acts upon husband's liability for wife's torts, see extensive notes in 14 L. R. A. (N. S.) 1003; 25 L. R. A. (N. S.) 840; L. R. A. 1915A, 491.

Or liability of husband for independent tort of wife, see note in 20 A. L. R. 528.

---
Foster v: Ingle.
---

FROM HAMILTON.

Appeal from the Circuit Court of Hamilton County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—HON. OSCAR YARNELL, Judge.

WHITAKER & FOUST, for plaintiff.

TRIMBLE & MARTIN, for defendants.

MR. JUSTICE HALL delivered the opinion of the court.

An action of damages brought by Mrs. Anna Foster, who will hereinafter be referred to as plaintiff, against James M. Ingle and wife, Mrs. James M. Ingle, who will hereinafter be referred to as defendants, to recover for personal injuries sustained by plaintiff growing out of defendant Mrs. Ingle driving an automobile over and against her on Market street in the city of Chattanooga, on March 13, 1921.

On the trial of the case in the circuit court of Hamilton county, before the court and a jury, at the conclusion of all the evidence, defendants moved the court for a directed verdict in their favor. This motion was overruled, and the case was given to the jury, who returned a verdict in favor of plaintiff against defendants for the sum of $2,500.

Defendant James M. Ingle made a separate motion for a new trial, assigning, among other grounds, that there was no material evidence offered on the trial showing that he was liable for plaintiff's injuries, and that the trial court erred in refusing to direct a verdict in his favor at the con-

clusion of all the evidence; and moved the court for a directed verdict in his favor, notwithstanding the verdict of the jury.

The court, after consideration of said motion, grante· the same, and directed a verdict in favor of defendant James M. Ingle, and plaintiff's suit, as to him, was dismissed.

Mrs. James M. Ingle also made a motion for a new trial, which was overruled, and judgment was entered against her in accordance with the verdict of the jury for the sum of $2,500, from which she did not appeal. Plaintiff also made a motion for a new trial challenging the action of the trial judge directing a verdict in favor of defendant James M. Ingle, notwithstanding the verdict of the jury, which was overruled, and she appealed from the court's judgment dismissing her suit as to said defendant to the court of civi appeals. That court affirmed the judgment, and the case is now before this court upon Mrs. Foster's petition for writ of *certiorari,* and for review.

The evidence shows that the automobile which collided with the plaintiff, and caused her injuries, belonged to Mrs. Ingle, and was being operated or driven by her along Market street in the city of Chattanooga, for her own pleasure. There was also evidence which tended to show that the collision with the plaintiff was due to the negligence of the defendant Mrs. Ingle. Mr. Ingle was not in the car, nor was he present when the accident occurred.

The question presented by the assignments of error for determination is whether or not the defendant James M. Ingle is liable for a tort committed by his wife while in the control and management of her separate property.

Chapter 126, Public Acts of 1919, section 1, provides as follows:

"That married women be, and are, hereby fully emancipated from all disability on account of coverture, and the common law as to the disability of married women and its effects on the rights of property of the wife, is totally abrogated, except as set out in section 2 of this act and subsequent section hereof; and marriage shall not impose any disability or incapacity on a woman as to the ownership, acquisition, or disposition of property of any sort, or as to her capacity to make contracts and to do all acts in reference to property which she could lawfully do if she were not married; but every woman now married, or hereafter to be married shall have the same capacity to acquire, hold, manage, control, use, enjoy, and dispose of all property, real and personal, in possession and to make any contract in reference to it, and to bind herself personally, and to sue and be sued with all the rights and incidents thereof, as if she were not married."

By the great weight of authority it is held that the common-law liability of a husband for the voluntary torts of the wife is abrogated, so far as concerns torts connected with her separate property, by the Married Women's Acts, which, in general, confer upon the wife the ownership and management of her own property, free from the control of her husband, without expressly touching the subject of liability for her torts; but there is a decided conflict of authority as to the effect of such acts upon the common-law liability of the husband with respect to the wife's torts not connected with her separate estate. We will not undertake to discuss those cases which deal with the common-law liability of the husband with respect to the wife's torts not connected with her separate estate, because that is not the question presented. As before stated, the question pre-

sented for determination in the instant case is: Is the husband liable for the torts of his wife connected with her separate property?

In *Quilty* v. *Battie,* 135 N. Y., 201, 32 N. E., 47, 17 L. R. A., 521, it was held that, under the New York Married Women's Acts as they were in 1889, when the cause of action arose, the husband was not responsible, by reason of the marital relation, for injuries inflicted by a vicious bulldog kept upon the premises of the wife. In that case the court said that, as the law was at that time, the husband was required to respond to what were called the personal torts of the wife; but that a trespass committed by her in the care and management of her separate estate was not classed among such wrongs, and that in such cases the husband is not a proper party defendant; that such act had placed the husband, in relation to her separate property, upon the same footing as a stranger, without authority to impose a burden thereon, or to restrict or embarrass her in the exercise of her exclusive dominion over it; and that the wife has the same authority at law to protect the enforcement of her property rights by her husband as against a stranger.

It was held in *D. Wolff & Co.* v. *Lozier,* 68 N. J. Law, 103, 52 Atl., 303, that the husband is not responsible for the wrongful refusal of the wife to surrender articles of personal property purchased by her, upon a contract by which the vendor retained the title thereto, as, by statute, a married woman is capable of being sued alone in relation to her separate property.

It was held in *Hinds* v. *Jones,* 48 Me., 348, that a husband could not be charged as an executor *de son tort* on account of the acts of his wife in embezzling goods and effects of a

deceased relative without his knowledge. The court said it would be manifestly unjust, especially since the statute deprived the husband of all interest in the wife's estate, to hold him liable as an executor in his own wrong for her acts in relation to all such property of persons deceased as she might, without his knowledge and consent, choose to interfere with, or claim as her own by reason of heirship or otherwise.

To the same effect is the rule announced in *Boutell* v. *Shellaberger,* 264 Mo., 70, 174 S. W., 384, L. R. A., 1915D, 847; *Henley* v. *Wilson,* 137 Cal., 273, 70 Pac., 21, 58 L. R. A., 941, 92 Am. St. Rep., 160; *Harrington* v. *Jagmetty,* 83 N. J. Law, 548, 83 Atl., 880; *Roberts* v. *Lisenbee,* 86 N. C., 136, 41 Am. Rep., 450; R. C. L., vol. 13, p. 1233, section 269.

Before the passage of the Married Women's Emancipation Act, the wife could not be sued alone for her torts, but her husband must be joined with her.

In *Price* v. *Clapp,* 119 Tenn., 434, 105 S. W., 866, 123 Am. St. Rep., 730, this court said:

"It is well settled that the husband is not joined as defendant in such cases on the ground that the wife's misconduct is imputable to him, but for conformity's sake. His being a defendant results, not from his participation in the wrong, but from the fact that the existence of the marriage relation makes it impossible for the injured party to sue the wife alone. To reach her, the husband must be joined in the action."

Our Married Women's Emancipation Act (chapter 126, Acts of 1919) does away with the necessity of joining the husband as defendant in an action against his wife for torts committed by her in connection with her property. It expressly provides that married women shall have the same

Foster v. Ingle.

capacity "to sue and be sued with all the rights and incidents thereof, as if she were not married." Therefore the reason no longer exists for suing the husband when the wife alone is answerable and can be sued.

We find no error in the judgment of the court of civil appeals, and it is affirmed, with costs.