## NANCY M. TRACY *vs.* JULIA KEITH.

In an action upon a promissory note given by a married woman, while living with her hus-band, the burden of proof is upon the plaintiff to show such facts as will make her liable thereon.

CONTRACT brought by the executrix of the will of Asaph Tracy upon two promissory notes in the usual form, signed by the defendant, and payable to the plaintiff's testator or order The answer admitted the making of the notes, but averred that the defendant was then a married woman living with her hus-band, and that the notes were given without consideration to her, and not for the benefit of her separate estate or for her own benefit or in respect to any separate trade, business, labor or ser-vices of her own.

At the trial in the superior court, before *Wilkinson,* J., the plaintiff put in the two notes, and rested; and the defendant put in proof that she was a married woman living with her hus-band, and rested; and the judge thereupon ordered a verdict for the defendant, which was returned accordingly; and the plain-tiff alleged exceptions.

*C. I. Reed,* for the plaintiff. The general rule is plain, that a negotiable promissory note is presumed to be founded on a valid consideration. The note of a married woman, under our stat-utes, should come under the same rule. She may acquire and dispose of real and personal property in all respects like a man, except that she may not acquire it from her husband. All the incidents of these rights should accompany the rights. A mar-ried woman may also engage in any trade or business. The incidents of this right should accompany it. She may contract debts, agree to pay them, and give notes; and it is the true policy of the law of Massachusetts to protect her in her con tracts, and not protect her against them. The legislature have intended to enable her to exercise the powers given to her with the same facility with which a man can do the same things. The construction here contended for is most beneficial to mar-ried women. See *Commonwealth* v. *Cooley,* 10 Pick. 37;

*Lakin* v. *Lakin*, 2 Allen, 47; *Stewart* v. *Jenkins*, 6 Allen, 302; *Basford* v. *Pearson*, 7 Allen, 504.

A. W. *Boardman*, for the defendant.

HOAR, J.   The question which these exceptions present is, whether an action can be maintained against a married woman upon a promissory note made by her, which recites that it is for value received, without any further proof to support it.   And we can have no doubt that it cannot.

The principle is simply this :   By the common law, a married woman is generally incapable of making a valid contract.   The recent statutes of the Commonwealth have given her a special, limited power of binding herself by her contracts, under certain circumstances.   Unless these circumstances are shown to exist she has no contracting power.   The plea of coverture, generally, is therefore a sufficient defence to an action of contract against her, and it is not necessary for her to negative in pleading or proof all possible exceptions.

As a rule of pleading, this appears to be supported by the precedents, and conforms to the rule in analogous cases.   To an action on the contract the defendant pleads coverture, and the replication states the facts which bring the defendant within the exception.   Or if the coverture is pleaded in abatement to a suit by a married woman, the replication should state the facts which enable her to sue alone.   Chit. Pl. (6th Amer. ed.) 484–488, 551.   So in a suit against an infant, if infancy is pleaded, the replication may aver that the promise was for necessaries suitable to his estate and degree.

The point seems to have been directly decided in this commonwealth.   In *Gregory* v. *Pierce*, 4 Met. 478, the question was whether a husband who had left the Commonwealth had so utterly deserted his wife and renounced his marital rights as to enable her to contract as a *feme sole ;* and the court say, " The general rule being that a married woman cannot make a contract or be sued, the burden of proof is upon the plaintiff to show that she is within the exception."   And in *Commonwealth* v. *Williams*, 7 Gray, 337, it was held that the presumption of fact that personal property in the possession of a married woman

is the property of her husband, is not changed by the statute enabling married women to hold such property in their own right, and to trade on their own account; and that the party, whose case requires him to prove property in the wife, must rebut such presumption, and show the facts which bring it within the statute, as a case in which the statute declares it to be the separate property of the wife.                          *Exceptions overruled.*