JOEL KENDALL *vs.* AMELIA E. JENNISON & another.

Hampden. Sept. 27, 1875. — Jan. 4, 1876. AMES & DEVENS, JJ., absent.

Where a wife, whose husband has left the Commonwealth and remained absent therefrom, is sued as a *feme sole,* upon a debt afterwards contracted by her, the burden of proof is on the plaintiff to establish her liability.

A husband left the Commonwealth remained absent therefrom, and six years after obtained a decree of divorce from his wife, for desertion, from a court of competent

jurisdiction in the state where he then resided, and after due notice to her. The wife was afterwards sued, as a *feme sole,* for debts contracted after the husband's departure, and for others contracted after the divorce, and the case was submitted to the court upon an agreed statement of facts, with a provision that the court might draw such inferences from the facts as a jury might draw. There was some evidence tending to show an intentional abandonment of the wife by the husband at the time of his departure, but the wife did not appear in the divorce suit against her, and it did not appear that she made any objection to it. *Held,* that this court could not say, as matter of law, that the court below was not justified in finding as a fact that, up to the time of the divorce, there had been no such abandonment by the husband as would entitle the wife to be treated as a *feme sole,* and that she was liable for all debts contracted after the divorce.

CONTRACT against the members of the firm of Kendall & Jennison. The first count was on a promissory note signed by the defendants, dated September 11, 1869, and payable on demand. The other counts were on notes and accounts of a later date. Writ dated July 24, 1873. The defendant Jennison set up in her answer that, during the whole period of time wherein the alleged indebtedness was contracted, she was a married woman, the wife of one Edwin S. Jennison, and could not be held as a copartner. The other defendant was defaulted.

The case was submitted to the Superior Court on an agreed statement of facts, providing that the court might draw such inferences as a jury might draw, and being in substance as follows :

Amelia E. Jennison was married to Edwin S. Jennison at Keene, New Hampshire, about January 9, 1855. They lived together as husband and wife at Springfield, in this Commonwealth, for several years, until November, 1866, when said Edwin S. Jennison left Springfield and went to Charleston, South Carolina, where he has since remained in business, and most of the time as an officer in the custom house. He left Springfield on account of no dissatisfaction with his wife, but because he knew that she discovered evidence of his infidelity ; he had private diseases, and she refused to cohabit with him longer    Since leaving Springfield, he has contributed nothing to her support, and has never furnished funds for her to come to Charleston or elsewhere, and has made no request for her to do so.

The defendant, with her son, went by land to Charleston, and being detained outside the limits of the city by reason of fever or other disease, demanding quarantine, she communicated with

her said husband, and he answered, refusing to come to them, whereupon she returned to Springfield, after an absence of a few days. This visit was in August, 1871, and otherwise the defendant has not been in the State of South Carolina.

Edwin S. Jennison, on February 22, 1872, filed a libel in a court in South Carolina, and on April 9, 1872, obtained a decree of divorce from the defendant, for the cause of desertion. The decree was made by a competent court of said state, and Amelia E. had notice of the application.

If the court was of opinion that the coverture was no bar to the action, judgment was to be entered for the sum of $6674.98, with interest from the date of the writ. If the court was of the opinion that, by reason of the coverture, the plaintiff could recover only for the indebtedness contracted subsequently to the date of the divorce, then judgment was to be entered for the sum of $1247.63, with interest from the date of the writ; otherwise, for the defendant.

*Brigham*, C. J., ruled that the plaintiff was entitled to recover against said Amelia E. Jennison for that indebtedness only which was contracted after said divorce, and thereupon ordered judgment for the plaintiff against her in the sum of $1247.63, and interest; and the plaintiff alleged exceptions.

*A. L. Soule*, for the plaintiff.

*J. E. McIntire*, for the defendant.

COLT, J. This case was submitted to the court upon an agreed statement of facts, with a provision that the court might draw such inferences from the facts as a jury might draw. The question of fact to be decided was whether the husband of the defendant, when he left this Commonwealth, intentionally and actually renounced his marital rights and duties, and so far deserted and abandoned his wife that she was thereafter entitled to make contracts as a *feme sole*. The general rule being that a married woman cannot make a contract or be sued, in cases where the provisions of the statute having reference to her own property do not apply, it follows that the burden of proof is on him who seeks to charge her by reason of the exception here relied on.

In the case at bar, there is some evidence tending to show an intentional abandonment of the wife by the husband at the time of his departure from the state in 1866. On the other hand, the

case finds that in 1872 the husband obtained a decree of divorce from his wife for desertion, from a court of competent jurisdiction in the state where he then resided, and after due notice to his wife. It does not appear that she appeared in said proceeding, or made any objection to it. We cannot say, as matter of law, that the court below was not justified in finding as a fact that, up to the time this divorce was obtained, there had been no such abandonment by the husband as would entitle the wife to be treated as a *feme sole*, and that after the divorce she was liable for all debts contracted. *Gregory* v. *Pierce*, 4 Met. 478.

*Exceptions overruled.*