SIMEON FARWELL & COMPANY ET AL. V. CHRISTINA A. CRAMER.

FILED OCTOBER 17, 1893.   NO. 4478.

1. **Trial**: MISCONDUCT OF PARTY: GROUND FOR NEW TRIAL. For a party to object to a question not (standing by itself) material; and then to withdraw the objection when the other party promises to supply the link in the evidence which would make it material, is not misconduct entitling the defeated party to a new trial.

2. ———: ———. Nor is it misconduct for the defeated party to move, upon the close of the evidence, that the jury be permitted to take all the documents offered in evidence with them to the jury room, the record not disclosing that the motion was made in such language, or under such circumstances, as to warrant the inference that it was made for effect upon the jury, and not in good faith.

3. **A married woman** may in this state bargain for and purchase personal property, sell the same, and do all acts in relation to such property as though she were single.

4. **Husband and Wife**: TITLE TO PERSONALTY. There is no presumption of law that personal property in the possession of the wife, while living with her husband, belongs to the husband. *Oberfelder v. Kavanaugh*, 29 Neb., 427, followed.

| 38 | 61 |
| 40 | 189 |
| 40 | 515 |
| 141 | 111 |
| 38 | 61 |
| 43 | 734 |
| 38 | 61 |
| 54 | 631 |
| 55 | 544 |

5. **Harmless Error:** Two Conflicting Instructions in regard to the burden of proof are not prejudicially erroneous where the verdict was against the party upon whom the burden was properly imposed.

6. **Rulings on Admissibility of Evidence:** Assignments of Error: Review. This court will not review upon error the rulings of the district court excluding or admitting testimony, unless the error complained of is specifically assigned in the petition in error with such certainty as to enable the court, upon examination of the record, to ascertain the particular error complained of.

Error from the district court of Holt county. Tried below before Norris, J.

*H. M. Uttley,* for plaintiffs in error:

It is improper for the court to require counsel to pre-judge the facts he expects to develop by a certain class of testimony, or for the court in any manner to indicate his idea of certain evidence proposed or offered. (Thompson, Trials, secs. 218, 219; *State v. Tickel,* 13 Nev., 502; *People v. Bonds,* 1 Nev., 33; *McMinn v. Whelan,* 27 Cal., 300; *State v. Harkin,* 7 Nev., 381.)

Instructions which have a tendency to single out isolated facts and confine the attention of the jury to them to the exclusion of all other facts, are not only a misdirection, but are an infringement on the province of the jury as triers of the facts. (*Chappell v. Allen,* 38 Mo., 213; *Grube v. Nichols,* 36 Ill., 93; *Raysdon v. Trumbo,* 52 Mo., 35; *Ellis v. McPike,* 50 Mo., 574; *Reese v. Beck,* 24 Ala., 651.)

The twelfth instruction is erroneous because it misstates the rule that the courts will look with scrutiny, if not suspicion, upon sales or transfers of the property of a debtor in failing circumstances to members of his own family. (*Lipscomb v. Lyon,* 19 Neb., 515; *Koch v. Rhodes,* 10 Neb., 447.)

Evidence that the husband and wife, or either of them separately, were in possession of property, without other

indication of ownership, is presumptive evidence of the title in the husband. (*Keeney v. Good*, 21 Pa. St., 349; *Turner v. Brown*, 6 Hun [N. Y.], 331; *Block v. Nease*, 37 Pa. St., 436; 2 Bishop, Married Women, secs. 128–140; *Glann v. Younglove*, 27 Barb. [N. Y.], 480.)

*M. F. Harrington, contra.*

Irvine, C.

D. L. Cramer was engaged in the mercantile business in Ewing. He seems to have failed, and his stock of goods was seized and sold upon attachments or executions. The defendant in error, the wife of D. L. Cramer, was at that time conducting a millinery establishment, and some time after the sale of Mr. Cramer's stock she moved her millinery goods into the store-room formerly occupied by Mr. Cramer, and shortly after began to add other lines of merchandise thereto until in the course of a few weeks she seems to have established what is termed a "general store." The plaintiffs in error, who were judgment creditors of Mr. Cramer, caused executions to be levied upon all of the goods except the millinery stock, upon the theory that the goods in fact belonged to Mr. Cramer, while the business was being conducted in the name of his wife for the purpose of defeating his creditors. Mrs. Cramer instituted the present action in replevin against the sheriff, for whom the judgment creditors were substituted as defendants. There was a verdict and judgment in favor of Mrs. Cramer, which the creditors seek to reverse.

1. Numerous errors are assigned. The first is misconduct of plaintiff's counsel. In support of this assignment attention is first called to the following circumstance: It was a part of the creditors' theory that when Mr. Cramer failed he in some way secreted from his creditors certain notes and accounts, and that the goods in question were purchased with the proceeds of these assets. A witness was interro-

gated in regard to these notes and accounts, and upon ob-
jection made, an offer was made to prove that notes and ac-
counts to the amount of $10,000 had been by Cramer
"taken out of his business," and that he had them in his
possession after the attachments were levied. The court
then stated that the objection was sustained unless the de-
fendants "could trace the accounts or connect them."
Thereupon counsel stated that he would agree to attempt,
and believed he could connect these accounts and their pro-
ceeds with the plaintiff as having passed directly into her
hands for his use and benefit. Opposing counsel then
waived their objection, and the questions were answered.
In what way this transaction can be construed as miscon-
duct on the part of counsel is beyond our comprehension.
The evidence offered was immaterial, unless the accounts or
their proceeds were in some way traced into the goods. It
was quite proper for the court to require an offer to so trace
them before admitting the evidence, and when that offer
was made it was the proper course for plaintiff's counsel to
withdraw their objections.

The bill of exceptions shows that at the close of the tes-
timony the plaintiff asked that all the books, exhibits, and
records be taken by the jury to their jury room to be con-
sidered by them. Counsel moved to strike out this remark
as incompetent and an unfair way of trying a case. This
motion was overruled. It does not appear that the jury
was permitted to take these documents, or that plaintiff's
motion was ever acted upon. It was not misconduct en-
titling a party to a new trial for the adverse counsel to
make a motion which should not be sustained. The record
does not show that the language of counsel was unbecom-
ing or unfair, and the remark having been made, the court
was right in refusing to strike it from the record. It is
claimed that throughout the trial counsel for plaintiff, in
side remarks to the jury, insinuated that they were anxious
that the jury should examine the books during their re-

tirement. Nothing of this kind appears in the bill of exceptions. It is, however, intimated in the brief that the court refused to permit the reporter to take down these remarks. There is nothing in the record to show that there was any such refusal, and we must be governed by the record and not by statements in the brief, unsupported by the record.

2. Certain instructions are complained of. Of these, the first is as follows : " By the laws of this state a married woman, while the marriage relation subsists, may bargain for and purchase personal property such as the stock of goods in controversy, and sell the same and do all acts' in relation to said property as though she were unmarried." As to this instruction it is complained, first, that under the married woman's act a *feme-covert* may only carry on a settled course of business on her sole and separate account, and that the instruction ignored these limitations. We think that the act in question was intended to give her the same dominion over her separate property that the husband has over his; to permit her to buy and sell and deal with her own in the same manner that a married man may do.

It is urged that the instruction conflicted with the sixteenth and eighteenth, given at request of defendants. In the sixteenth instruction the jury was told that where the wife claims ownership of property taken from the possession of her husband upon execution against the husband, the burden is upon the wife to show her title to the goods, and how, when, and where she acquired the funds with which she purchased them; and by the eighteenth instruction, that the burden was upon her to show that her possession was for her own, and not for her husband's benefit. We can see no conflict between these instructions and the first, and taking the three together they state the law more favorably to the defendants than could be asked.

The second instruction was practically the same as section 4 of the married woman's act, and the third was a

paraphrase of section 1. It is claimed these instructions are not applicable to the evidence, but the whole theory of plaintiff's evidence was that the goods were hers, bought with her own money, and used by her in conducting her own business; and it was right for the court to tell the jury that the law permitted her to do so.

The seventh, eighth, ninth, and tenth instructions are objected to, first, as reiterative; second, as laying special stress upon some circumstances, and third, as assuming facts not proved. We shall not quote these instructions at length. Each one submitted to the jury a certain hypothesis which, if sustained by the evidence, would render the goods exempt from execution against the husband. They state the law correctly. We cannot see that they give undue emphasis to any portion of the testimony by repetition or otherwise, nor that they assume any facts as established. By each instruction the jury is left to determine whether the facts existed.

Certain other instructions are grouped, and the same objections made against them. The same remarks are applicable.

In the twelfth instruction the jury was told that possession of personal property was *prima facie* evidence of ownership, and that if possession had been shown by the evidence to have been in plaintiff at the time the goods were levied upon by the sheriff, plaintiff's possession was then *prima facie* evidence that the plaintiff was the owner of the goods. It is claimed that this instruction ignores the law in regard to contests between the wife and the creditors of her husband. We think counsel, in his argument, confuses the case of property acquired by the wife from a stranger with that of property transferred to her by her husband. In the latter case the transfer is *prima facie* fraudulent against creditors. To hold the same rule in the former case would be in effect to declare that there is a legal presumption that all property in the possession of a

Farwell v. Cramer.

wife belongs in fact to the husband. Such a rule would not be in harmony with the policy of the married woman's act. (*Oberfelder v. Kavanaugh*, 29 Neb., 427.) The instruction was in direct conflict with the eighteenth instruction given at the defendants' request, and already quoted. We think, however, that the eighteenth instruction misstated the law to the prejudice of the plaintiff, and the conflict between the two instructions could not have misled the jury to defendant's prejudice.

3. It is claimed that the court erred in refusing to admit certain testimony. The plaintiff and one Miller were called as witnesses by both sides. They had already given their depositions on behalf of defendants. These depositions were excluded. Mrs. Cramer's deposition could only be admissible for the purpose of contradicting her testimony or showing admissions made by her. We find nothing in the deposition tending to do either. The deposition of Miller could only be admissible for the purpose of showing contradictory statements made by him. The only matter in the deposition tending to contradict any statements made by him in evidence is upon a point of doubtful materiality, and the questions asked Miller for the purpose of laying a foundation on this point were objected to, the objection sustained, and the sustaining of that objection is not assigned as error.

Complaint is made of the exclusion of certain other evidence sought to be elicited from the witness Cortelyou; but the assignment of error upon this point was that the court erred in refusing to allow the defendants to show by Cortelyou when on the witness stand "according to the offer made by defendants in the record." This assignment is too general. By force of the statute a general assignment of "errors occurring upon the trial" is sufficient in a motion for a new trial, but in a petition in error the assignment should be with sufficient certainty to direct the attention of the court to the particular error complained of. (*Lyman*

*v. McMillan,* 8 Neb., 135; *Graham v. Hartnett,* 10 Neb., 518.)

4. It is alleged that the verdict is not sustained by the evidence. We have examined the evidence carefully and think it sufficient to justify the verdict. As counsel in his brief naively remarks, "There are some things which we may know absolutely, and yet, owing to the peculiar condition of things and the perversity of human nature, we are unable to prove the same, either to the satisfaction of the jury or to the satisfaction of ourselves." This case may be one of that class, but the jury must be governed by the evidence, and their verdict was clearly in accordance with the weight thereof.

JUDGMENT AFFIRMED.