CASE 24—PETITION ORDINARY—NOVEMBER 12.

# Lane and Wife v. Bryant.

APPEAL FROM PULASKI CIRCUIT COURT.

1. SLANDER—INCONSISTENT PLEAS.—In an action for slander where the defendant denied in one paragraph of his answer that he spoke and published the words complained of, and in another paragraph thereof admitted the publication and said the slanderous words were true, he was properly required to elect which defense he would rely on. (Rooney v. Tierney, 82 Ky., 253 followed, and Harper v. Harper, 10 Bush, 447 overruled.)

2. EVIDENCE.—The defendant having been required to elect, and having elected to rely on the defense which denied the speaking and publication of the words, was thereby denied the right to rely on the plea of justification, and it was error to permit the plaintiff to read to the jury that paragraph of his answer as an admission of the defendant that he spoke the words.

3. HUSBAND NOT LIABLE FOR WIFE'S TORTS.—The liability of the husband at common law for the torts of his wife was based upon the idea that he had absolute dominion over her person and prop-

Lane and wife v. Bryant.

erty; but in view of the changes by modern legislation of the relations between husband and wife as to the right of property, and the right of control by the husband, the reason of the recognition of that rule no longer exists, and the rule should be disregarded, and the husband held not to be liable for the torts of his wife with which he had nothing to do and in which he did not aid.

W. A. MORROW FOR APPELLANTS.

1. In an action for slander, words spoken of plaintiff by defendant after the action was commenced, are not admissible in evidence.

2. A charge that one has sworn falsely in one case, is not of similar import to the charge that he has sworn falsely in another case.

3. The second paragraph of the answer admitting the speaking of the words and justifying, which was stricken out under the requirement to elect, should not have been read to the jury as an admission by defendants of the speaking of the words.

4. The reason of the common law rule that a husband is liable for the slanders of his wife no longer exists. That doctrine originated centuries ago and is founded upon the fiction that husband and wife are one. Then a husband was clothed with extraordinary powers both as to person and property of his wife, and assumed responsibilities commensurate therewith. But in the light of modern legislation and tendencies, and the changed conditions, the rule should no longer obtain.

O. H. WADDLE FOR APPELLEE.

1. The admission of the defendants in the second paragraph of their answer that the words were spoken, were certainly competent evidence upon the issue as to whether the words were actually spoken. If such a statement or admission had been made elsewhere than in the pleadings it would certainly have been proper to show it; and why not show it by this evidence, which is much better and safer?

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

Wm. Lane and Mattie Lane, the appellants in this court, are husband and wife.

The wife (Mattie) charged the appellee, Bryant, with having committed the crime of perjury when testifying

in a certain action between one Vaught and her husband. This action of slander was instituted by Bryant, the appellee, against Mattie and her husband, and a verdict returned, upon which a judgment was rendered against both husband and wife, and a capias directed to issue against the husband. They both appeal, the wife insisting the judgment should be reversed against both, because of the admission of incompetent testimony, and the husband that he is in no manner responsible for the torts of the wife unless he directs or aids in their commission.

The appellants in the first paragraph of their answer denied the speaking and publishing the words alleged, and in the second paragraph admitted the publication, and said the slanderous words were true. On motion of the plaintiff the defendants were required to elect and make their defense either on the first or second paragraph. They elected, reserving exceptions, the first paragraph, as their defense, and when the plaintiff attempted to prove the words spoken by the wife he was allowed, over the objection of the defendants, to read to the jury the second paragraph of the answer, that had been rejected, as an admission by the defendants that the slanderous words were spoken as alleged. This was error. The defense, however, properly had been denied the right to rely on the plea of justification by being required to elect, and with this defense cut off the plaintiff was nevertheless permitted to read it to the jury as evidence establishing his cause of action, and the defense denied the right to show that the

words spoken were true.    It was clearly incompetent as against the defendants or either of them, and for this error the judgment must be reversed as to both defendants.

In Rooney v. Tierney, 82 Ky., 253, it is held that in slander the plea of not guilty and justification are inconsistent, and the case of Harper v. Harper, 10 Bush, 447, is no longer the law.

The right of the appellee to a judgment against the husband under the rule of the common law is unquestioned in the event the case is made out for the plaintiff, but it is insisted that when the reason for the recognition of such a rule ceases the rule itself should be disregarded.

The liability of the husband at the common law was based on the idea of his absolute dominion over the person of his wife, with the right to all of her personal and the use of her real estate; to the rents and profits of her realty; to her earnings and labor, and the power of the control of the wife by the husband was caused to such an extent as to vest in him the right to use such forcible means as would bridle her tongue or make her of good behavior.    This rule is a harsh one at best, and with the progress of civilization, and the changes by wise, modern legislation of the relation between husband and wife as to the right of property and personal control by the husband, it would seem absurd in this enlightened age to regard the wife as a mere machine, made to labor and to talk as the husband directs, and to make him liable on that ground for her torts when not committed by his direction or procurement.

Under the act of March 15, 1894, now a part of the
Kentucky Statutes, the husband has "no estate or in-
terest in the wife's property, real or personal,during her
life, owned at the time or acquired after marriage. Dur-
ing the existence of the marriage relation the wife shall
hold and own all her estate to her separate and exclu-
sive use, and free from the debts, liabilities or control
of her husband." Kentucky Statutes, section 2127.

The wife under this statute may make contracts, sue
and be sued, collect her rent, and may sell and dispose
of her personal property. While it may be and is the
marital duty of both to aid each other in the support
and maintenance of each and of their children, the con-
trol and use of the wife's property by her is independ-
ent of the husband, nor subject to his control, and the
familiar doctrine that the legal existence of the wife is
merged in that of the husband no longer exists, and as
on this rule is based the common law liability of the
husband for the wife's torts, and even for her debts con-
tracted before marriage, the reason for enforcing this
doctrine is gone, and past adjudications on the sub-
ject will not be followed. The unity of person has been
destroyed, and to say that it still exists, with the con-
stant legislation of this State endeavoring to secure the
wife in her person and property, and at last by the act
of March, 1894, making the wife the equal of the hus-
band in the control and use of property, would be op-
posed to the plain legislative intent, and result in en-
forcing a doctrine that has neither wisdom nor justice
in it, and as said by Mr. Justice Thornton, in Martin v.

Robson, 65 Ill., —, "the legal supremacy of the husband is gone and the sceptre departed from him. The wife has the legal right and aspires to battle with him in the contests of the forum; to outvie him in the healing art; to climb with him the steps of fame, and share with him in every occupation. Her brain and hands and tongue are her own, and she should alone be responsible for slanders uttered by herself."

As the husband had nothing to do with the publication of the slanderous words charged, and in no manner aided in their publication, the judgment against him is reversed and case remanded as to both defendants for proceedings consistent with this opinion.