Mrs. Mary R. Priest *v.* Williamson County Banking & Trust Co. *et al.*

(*Nashville.* December Term, 1922.)

1. **HUSBAND AND WIFE.** Under emancipation act husband can acquire no right in wife's property by appropriation or reduction to possession.

Under Pub. Act 1913, chapter 26, a husband cannot acquire, by appropriation or reduction to possession during coverture, any right in the individual property of his wife. (*Post, pp.* 89, 90.)

Acts cited and construed: Acts 1913, ch. 26; Acts 1919, ch. 126.

Case cited and approved: Tellico Bank & Trust Co. v. Loomis, 246 S. W., 21.

2. **DOWER.** Wife owning property jointly with husband entitled to dower in his interest after partition.

After the death of a husband who had jointly owned property with his wife, *held,* she was entitled to dower in her husband's share of such property after ascertainment and partition. (*Post, pp.* 90, 91.)

Case cited and approved: (Walker v. Walker, 46 Tenn., 571-581.

3. **APPEAL AND ERROR.** Though exception taken to lower court's action, it is not reversible in absence of assignment of error.

Though exception is taken to the court's action in denying recovery on certain claims, the question is not presented for review by the appellate court in the absence of an assignment of error thereon. (*Post, p.* 91.)

FROM WILLIAMSON.

Appeal from the Chancery Court of Williamson County. Hon. J. C. Hobbs, Judge.

Jos. C. Higgins and C. M. Gordon, for appellants.

W. J. Smith and J. C. Eggleston, for appellee.

Mr. Justice Bachman delivered the opinion of the Court.

The bill in this cause was filed by the complainant, Mrs. Mary R. Priest, against the administrator of her deceased husband, T. R. Priest, the Williamson County Banking & Trust Company, and the eight children and heirs at law of T. R. Priest, stepchildren of the complainant. The bill sought to recover a ten thirty-thirds interest in $8,000, which amount had been received by the deceased husband from the sale of a farm owned by the complainant and her husband as tenants in common; the deed providing that the same should be held in the proportion of ten thirty-thirds to complainant and twenty-three thirty-thirds to the husband, T. R. Priest. The complainant also sought to recover the proceeds of a note of $500 and the one-half of a note of $300, which notes it was alleged represented the individual property of the complainant, which had been loaned by the husband.

A demurrer was filed by the defendants, which was overruled by the court, with leave to rely upon the same at the hearing. The defendants answered, denying that the complainant was entitled to any part of the estate of her husband except as widow; the contention being that the husband had during his lifetime reduced the wife's property to his possession. Upon the hearing the chancellor decreed that the complainant was entitled to recover of the proceeds of the sale of the real estate the amount sought

by the bill, and a decree was entered in the sum of $2,901.-71. Recovery on the notes was denied.

It appears that in 1898 the complainant (Mrs. Priest) was the owner of certain funds which she had received from her relatives, and that she and her husband together purchased a farm in Williamson county, paying therefor $1,600 in cash; the complainant advancing the sum of $1,000 and the husband $600, title being taken to them in the proportion of ten-sixteenths to complainant and six-sixteenths to the husband. In 1909 this farm was sold and the complainant and her husband purchased another farm, taking title thereto as tenants in common in the proportion of twenty-three thirty-thirds to Thomas R. Priest and ten thirty-thirds to Mary R. Priest. On February 4, 1919, this farm was sold for the sum of $8,000, $1,500 of which was paid in cash, and for the balance of $6,500 vendor's lien notes were executed, payable to the husband, T. R. Priest. A portion of the proceeds of this sale was used by the husband in the purchase of a house and lot near Franklin, title thereto being taken in the name of the husband. It appears that the complainant had never seen the notes received from the sale of the farm, nor did she know to whom they were made payable until after the death of her husband, in July, 1920.

It is insisted on behalf of the defendants that the husband having taken charge of the wife's property, and having had the notes made payable to himself, such action on his part amounted to a reduction of the wife's property to his possession, and that therefore the complainant is not entitled to recover. Chapter 26 of the Public Acts of 1913, the first emancipation act, was in force at the time of the sale of the property, and the rights of the husband are de-

terminable by the property rights of the wife as declared by that act. This court, in the recent case of *Tellico Bank & Trust Co.* v. *Loomis,* 246 S. W. 21, construed the Act of 1919, and held that under that statute the husband could not acquire the property of the wife by appropriation or reduction to possession. In so far as the question before us is concerned, the Act of 1913, chapter 26, is identical with chapter 126 of the Act of 1919. Both acts deprive the husband of his common-law rights over the wife's property during coverture, and, as said in *Tellico Bank & Trust Co.* v. *Loomis,* supra:

"It was intended that she should hold such property during coverture just as if she were not married and the only way that the husband can acquire her property during coverture is by purchase or gift just as he might acquire the property of a stranger. He is not entitled to appropriate her money without her consent, nor to reduce her choses in action to his possession by virtue of his marital right during coverture. Such rights are destroyed by these emancipation statutes."

There was no error in the holding of the chancellor that the complainant was entitled to recover to the extent of her proportionate share of the proceeds of the farm sold in 1919. The assignment on behalf of the appellant that the court was in error in decreeing that homestead and dower be set apart to complainant in a house and lot near Franklin purchased of Martha Fisher is not well taken. The complainant is entitled to dower out of the husband's share of this property upon ascertainment and partition. *Walker* v. *Walker,* 46 Tenn. (6 Cold.), 571-581. Also such interest is here subject to the satisfaction of the award to complainant as decreed.

Priest v. Banking & Trust Co.

In the brief of complainant counsel complain of the action of the court in refusing recovery of the proceeds of the notes alleged to represent individual funds of the complainant. While the action of the court in denying recovery was excepted to by the complainant in the court below, no assignment of error in this regard has been made in this court, and the question cannot be considered by us.

Affirmed and remanded. Appellants will pay costs.