CHAS. B. FORMAN, Admr., etc. v. DR. C. J. WASHINGTON.

Western Section, April 23, 1926.

Certiorari denied by Supreme Court, December 18, 1926.

1. **Evidence. Burden of proof of ownership of an automobile in an action to recover damages for personal injuries is on the plaintiff.**
   In an action against a man and his wife to recover damages for injuries sustained in an automobile accident where plaintiff's evidence showed that the car was being operated by the wife and the husband was not present and there was no evidence to show ownership of the car, held that the burden of proving the ownership of the automobile was on the plaintiff.

2. **Evidence. Presumption. There is no presumption that a man owns an automobile which his wife drives.**
   In this day of modernism and with married women's emancipation and with many married women owning automobiles, the presumption is just as strong that the wife owns the automobile as it is that the husband owns it. The common rule presuming the property in the possession of the wife is the property of the husband has been abrogated.

3. **Automobiles. Party in possession of an automobile is presumed to be the owner.**
   In an action against a man and his wife to recover damages for personal injuries where the wife was in possession of the car and the husband was not present and there was no proof to show ownership, held that· the general rule that proof of possession of personal property is presumptive proof of ownership applied and the presumption was that the automobile belonged to the wife.

4. **Husband and Wife. Husband is not liable for independent torts of his wife.**
   Since the passage of the statute emancipating married women, a husband is no longer liable for the negligent acts of his wife in driving her automobile for her own pleasure at a time when he is not present.

Appeal in Error from Circuit Court, of Shelby County; Hon. Ben L. Capell, Judge.

Affirmed.

Norville & Lyons, of Memphis, for plaintiff in error.

Lake Hays and T. K. Riddick of Memphis, for defendant in error.

OWEN, J.  The administrator, plaintiff below, has appealed from a judgment dismissing his suit at the close of plaintiff's proof, a motion for a directed verdict in behalf of the defendant having been sustained. The suit was instituted for the alleged negligent killing of J. Ernest Froman, plaintiff's intestate. The intestate, a young man, was killed in Memphis, Tennessee, in an automobile collision. The intestate was riding in a car driven by one James Purvis. The car that struck the Purvis car was operated by Mrs. Kate Washington, wife of the defendant, Dr. C. J. Washington. Suit was brought

against both Dr. C. J. Washington and his wife, Mrs. Kate Washington. The defendant filed pleas of not guilty and also a plea of contributory negligence. It appears that the motion for a directed verdict as to Mrs. Washington was overruled and a verdict was rendered against her in favor of the plaintiff. She moved for a new trial, as shown by the record that we have before us, which motion was overruled and disallowed. She prayed and was granted an appeal to this court, but that branch of the lawsuit wherein she is directly interested is made up in another transcript and submitted separately from the transcript we have before us. The plaintiff has assigned five errors in this court, but they raise only one question, and that is, the trial court erred in directing a verdict to be entered in favor of the defendant, Dr. C. J. Washington at the conclusion of plaintiff's proof.

The facts submitted to the trial court and the jury as shown by the bill of exceptions in the instant case are as follows: The plaintiff introduced proof tending to show that Ernest Froman departed this life intestate in Shelby county, Tennessee, and left surviving him heirs at law and next of kin for whose use and benefit this suit was prosecuted; that C. B. Froman was the duly appointed, qualified and acting administrator of the estate of said intestate.

That at the time of the death of said Ernest Froman on January 15, 1925, said Ernest Froman was an assistant rate clerk of the Missouri Railroad Company and had been for some years; that he was earning $135 per month; had a life expectancy of 41 years; possessed of good health and exemplary character.

That on January 15, 1925, Ernest Froman was riding in the rear seat of an automobile belonging to J. L. Purvis and which was at the time of the accident being operated by James Purvis, son of J. L. Purvis; that while so riding, the said automobile and a Jordan automobile being operated by Mrs. Kate Washington, wife of Dr. C. J. Washington, collided, and in the collision Ernest Froman was thrown out on the pavement receiving injuries which caused his death some eight or ten hours later. That the scene of the collision was the intersection of Cleveland street and Linden avenue, both public highways in the city of Memphis, Tennessee. Cleveland street runs north and south; Linden avenue east and west; that at the time of the accident the Ford automobile driven by James Purvis was going east on Linden, and the automobile being operated by Mrs. Washington was going south on Cleveland.

The plaintiff introduced proof tending to show negligence on the part of Mrs. Washington which directly and proximately caused the accident and resulting injury and death. The plaintiff introduced proof to show that Dr. C. J. Washington and Mrs. Kate Washington are husband and wife; that Mrs. Kate Washington was driving the

Jordan automobile at the time of the collision, and that Dr. C. J. Washington was not present at the time of the collision. The plaintiff thereupon rested. This was all the evidence introduced in the case against the defendant Dr. C. J. Washington.

It is insisted here that it was the duty of the defendant to prove that the automobile which struck the deceased was the property of Mrs. Kate Washington, wife of the defendant Dr. C. J. Washington. Counsel for plaintiff rely upon the following proposition of law:

· Under the common law husband and wife were one. The unity of the relationship rendered the husband liable for the wife's tort. 30 C. J., p. 507; 30 C. J., p. 408; Gill v. McKinney, 140 Tenn., 548, p. 555; Missio v. Williams, 129 Tenn., 504, p. 510; Price v. Clapp, 119 Tenn., 425.

The Married Woman's Act has not abrogated the general common-law rule. The Act has merely suspended the common-law rights of the husband in the property. This is an exception, and the abrogation or modification of the disability is limited solely to property. The act was remedial as to the wife, not as to the husband. City of Chattanooga v. Carter, 132 Tenn., 609; Lillienkampf v. Rippetoe, 133 Tenn., 57; Bennett v. Hutchens, 133 Tenn., 65; Baker v. Dew, 133 Tenn., 127; Hull v. Hull, 139 Tenn., 573; Schaffler, Extr., v. Handwerker (Jan. 11th, 1926), 279 S. W., —; Tellico Bank v. Loomis, 147 Tenn., 158. Being in derogation of the common law the Act is strictly construed.

Acts 1919, chap. 126, is identical with chap. 26, Acts 1913, except for provision relating to tenancy by the entirety and homestead. Pattison v. Baker, 148 Tenn., 400; Teillico Bank v. Loomis, 147 Tenn., 158.

The husband's defense in this case is: "It is my wife's automobile, not mine." This is an affirmative defense and both the burden of proof and burden of evidence were on him. 22 C. J., p. 68, sec. 14; 22 C. J., p. 70, sec. 15; 22 C. J., p. 76, sec. 21; 22 C. J., p. 80, sec. 23.

Both at the common law and under Married Woman's Acts, such as chapter 126, Acts 1919, the possession of the wife is presumed to be that of the husband. One seeking to create a liability or to deny it by reason of an act creating an exception to the common-law rule must show facts bringing his action or defense within the rule. 30 C. J., 836; Commonwealth v. Williams, 73 Mass. (7 Gray), 337; Farrell v. Patterson, 43 Ill., 52, 59; Laing v. Day, 8 Ill. App., 631; McClain v. Abshire, 63 Mo. App., 333, 338; Topley v. Topley's Adm., 31 Pa. (7 Casey), 328; Winter v. Walter, 37 Pa. (1 Wright), 155; Black v. Nuse, 37 Pa. (1 Wright), 277; McDevitt v. Vial & Wife, 11 Atl. (Pa.), 645; Gregory v. Price, 45 Mass. (4 Met.), 478; Tracy v. Keith, 93 Mass., 214; Kendall v. Jennison, 119 Mass., 251; Whiton et al. v. Snyder, 88 N. Y., 299, 306; Shepherd v. Peoples Storage Co., 243 S. W. (Mo.), 193.

The strongest legitimate inference on a motion is to be drawn in favor of plaintiff. The reasonable inference was that this was a car in family use. Plaintiff had a right to controvert any evidence to the contrary when introduced. Nashville v. Reese, 138 Tenn., 491; R. R. Co. v. Morgan, 132 Tenn., 1; Johnston v. Ry Co., 148 Tenn., 135.

Counsel for the defendant insist upon the following propositions:

First: By virtue of the Emancipation Act of 1919, called "The Married Woman's Act of Tennessee," (chap. 126) the automobile being in the possession of Mrs. Kate Washington and the husband being absent at the time the deceased was killed, the law presumes the automobile to be Mrs. Washington's property. Park v. Harrison, 27 Tenn., 411; Priest v. Banking & Trust Co., 148 Tenn., 8; Gregory v. Burlington, etc., Co., 10 Neb. 250, 4 N. W., 1025; Chicago, etc., Co. v. Newburn, 270 Okla., 9, 110 Pac., 1065; Farwell v. Cramer (Neb., 1893), 56 N. W., 716; Oberfelder v. Kavanaught (Neb. 1890), 45 N. W., 471; Wigmore on Evidence (2 Ed.), sec. 2515; Jones on Evidence (Horwitz), sec. 74.

Second: The defendant is not liable in the instant case.because the husband is not liable ·for the torts of the wife merely because of a marital relationship, and in support of this contention the following authorities are cited: Price v. Clapp, 119 Tenn., 425; Missio v. Williams, 129 Tenn., 504; Knoxville, etc., Co. v. Vangilder, 132 Tenn., 487; City of Chattanooga v. Carter, 132 Tenn., 609; Lillienkamp v. Rippitoe, 133 Tenn., 57; McIrvin v. Lincoln Memorial University, 138 Tenn., 260; Moffat v. Schenck, 141 Tenn.,· 305; Morton v. State, 141 Tenn., 357; Foster v. Ingle, 147 Tenn., 217; Priest v. Banking & Trust Co., 148 Tenn., 87; Martin v. Robson (1872), 65 Ill., 129, 16 Am. Rep., 578; Hagenbush v. Ragland (1875), 78 Ill., 40; Claxton v. Poole (Mo., 1917), 197 S. W., 349; L. R. A., 1918 a; Schuler v. Henry (1908), 42 Colo., 367, 94 Pac., 360, 14 L. R. A. (N. S.), 1009; Murray v. Newmyer (1919), 66 Colo., 459, 182 Pac., 888; Norris v. Corkill (1884), 32 Kans., 409, 4 Pac. 862, 49 Am. Rep., 489; Lane v. Bryant (1896), 100 Ky., 138, 37 S. W., 584, 36 L. R. A., 709; Davidson v. Manning (1916), 168 Ky., 288, 181 S. W., 1111; Harris v. Webster (1878), 58 N. H., 481; Crouse v. Lubin (1918), 260 Pa., .329, 103 Atl., 725; Culmer v. Wilson (1896), 13 Utah, 129, 44 Pac., 833, 57 Am. St. Rep., 713; Bourland v. Baker (1919), 141 Ark., 28, 216 S. W., 707; Landry v. Richmond (R. I., 1924), 124 Atl., 263; Drake v. Rowan (Mo., 1925), 272 S. W., 101; Note—27 A. L. R., 1214; Huddy on Automobiles (7 Ed.), sec. 785; Babbitt, The Law Applied to Motor Vehicles (3 Ed.), sec. 1195.

Counsel for plaintiff ·admits that, under the holding of our Supreme Court in Foster v. Ingle, 147 Tenn., page 217, that if the automobile driven by Mrs. Kate Washington was her property there should be no recovery against Dr. C. J. Washington.

We are of opinion that it was the duty of the plaintiff to prove the ownership of this automobile. The law of Tennessee requires that an automobile be registered in the name of the owner and such registration shall be had with the county court clerk of the owner's residence. Shannon's Code, section 3079a186. This information could have easily been obtained by the plaintiff, if it was Dr. Washington's car. In this day of modernism, and with the married woman's emancipation, and with many married women owning automobiles, the presumption is just as strong that the wife owns the automobile as it is that the husband owns it. The common-law rule presuming the property in the possession of the wife is the property of the husband has been abrogated. In the case of Priest v. Bank & Tr. Co., 148 Tenn., 87, the Supreme Court, in construing the Act of 1919, chap. 126, said:

"In so far as the question before us is concerned, the Act of 1913, Chap. 26, is identical with chapter 126 of the Act of 1919. Both acts deprive the husband of his common-law rights over the wife's property during coverture, and, as said in Tellico Bank & Tr. Co. v. Loomis, 'It was intended that she should hold such property during coverture just as if she were not married and the only way that the husband can acquire her property during coverture is by purchase or gift just as he might acquire the property of a stranger. He is not entitled to appropriate her money without her consent, nor to reduce her choses in action to his possession by virtue of his marital right during coverture. Such rights are destroyed by these emancipation statute.' "

In regard to possession presuming ownership, our Supreme Court, in the case of Park v. Harrison, 127 Tenn., 411, said: "If Allen was found in possession of the property in controversy, the law presumes him the owner; but that presumption would, of course, yield to sufficient proof, and any proof would be sufficient if it produced belief in the minds of the jury that the title was in another."

"The fact of possession in the eye of the law, suggests always ownership, and whether it is put in Latin as potior est conditio possidentis, or in colloquial Anglo-Saxon that 'possession is nine points of the law,' it goes without saying that proof of possession of property is prima-facie evidence of title to it, both with regard to real and personal property." Jones on Evidence, sec. 74.

The general rule is that proof of possession of personal property is presumptive proof of ownership. First Greenleaf on Evidence, sec. 34. In the case of Farwell v. Cramer, decided by the Supreme Court of Nebraska, 1893, 56 N. W., 716, that court said: "There is no presumption of law that personal property in possession of the wife while living with the husband belongs to the husband."

We are of opinion that there is no evidence by inference or presumption showing that Dr. Washington was the owner of the auto-

mobile that was operated by his wife, Kate Washington at the time of the accident. Chapter 126 of the Public Acts of 1919, provides as follows: "That married women be, and are, hereby fully emancipated from all disability on account of coverture, and the common law as to the disability of married women and its effects on the rights of property of the wife, is totally abrogated, except as set out in section 2 of this act, and subsequent section hereof; and marriage shall not impose any disability or incapacity on a woman as to the ownership, acquisition, or disposition of property of any sort, or as to her capacity to make contracts and to do all acts in reference to property which she could lawfully do if she were not married; but every woman now married, or hereafter to be married shall have the same capacity to acquire, hold, manage, control, use, enjoy, and dispose of, all property, real and personal, in possession and to make any contract in reference to it, and to bind herself personally, and to sue and be sued with all the rights and incidents thereof, as if she were not married."

This Act does away with the necessity of joining the husband as defendant in an action against his wife for torts committed by her in connection with her property. It expressly provides that married women shall have the same capacity "to sue and be sued, with all the rights incident therto, as if she were not married. Therefore the reason no longer exists for suing the husband when the wife alone is answerable and can be sued."

Prior to the Emancipation Act the husband was not joined as defendant in such cases as we have before us on the ground that the wife's misconduct is imputable to him, but for conformity's sake. He was not made a defendant because he participated in the wrong, but from the fact that the existence of the marital relation made it impossible for the injured party to sue the wife alone; to reach her, the husband had to be joined in the action. Price v. Clapp, 119 Tenn., 434.

The case of Ingle v. Foster, decided by the Supreme Court of Tennessee, in an opinion by Mr. Justice Hall (147 Tenn., p. 217), and reported in A. L. R., Vol. 27, p. 1214, our Supreme Court held that the husband is not, since the passage of the statute emancipating married women, liable for the negligent act of his wife in driving her automobile for her own pleasure at a time when he is not present. The learned annotator of A. L. R., in his notes annotating the case of Foster v. Ingle, supra, at page 1218, of Vol. 27, says: "It is to be observed that in Tennessee the husband is no longer liable for independent torts of his wife." The author refers to the notes at page 528, Vol. 20 of A. L. R., and we find that these notes in Vol. 20 A. L. R., following the report of the case of Jas. Bourland and Wife v. A. A. Baker, which case was decided by the Supreme Court of Arkan-

sas, December 15, 1919, and reported in 141 Ark., 280, 216 S. W., 707. In the Bourland case, supra, the opinion delivered by McCulloch, C. J., in construing a married woman's act very similar to the Emancipation or Married Woman's Act of Tennessee, the court said: "The legal unity which was the reason of the rule fixing liability on the husband for his wife's torts, having been swept away by the Act, the liability is swept away. The reason being dissolved, the rule cannot exist. It was, therefore, error to refuse to instruct the jury peremptorily to return a verdict for appellant James Bourland." In the Bourland case the wife of James Bourland was driving the car and the husband was not present at the time of the accident. There was a recovery in favor of plaintiff against both defendants. The judgment as to the wife was permitted to stand; reversed and dismissed as to the husband. .

The following states have held that the husband is not liable for the tort committed by his wife, whose statutes do not expressly abrogate or limit the common-law rules, the statutes being similar to the Emancipation or Married Woman's Act of Tennessee: Arizona, Hageman v. Vanderdoes (1914), 15 Ariz., 312, L. R. A., 1915A.; Arkansas, Bourland v. Baker, 141 Ark., 280, 20 A. L. R., page 525; Colorado, Murray v. Newman (1919), 66 Colo., 459; Kansas, Norris v. Cockrill, 32 Kans., 409; Nebraska, Goken v. Dallugge (1904), 72 Neb., 16; New Hampshire, Harris v. Webster, 58 N. H., 481; New Jersey, DeWolff v. Lozier, 68 N. J. L., 103; Pennsylvania, Hinski v. Stein (1917), 68 Pa. Super Ct., 441; Utah, Culmer v. Wilson, 13 Utah, 129.

The following States have statutes expressly abrogating the common-law rule and relieving the husband of any liabiltiy for the tort of the wife: Alabama, Connecticut, Georgia, Illinois, Indiana, Maine Massachusetts, Michigan, Missouri, New York, North Caroline, South Caroline, Ohio, Rhode Island, South Dakota, Vermont and Washington.

It appears that Florida is without emancipation statutes and the common-law rule making the husband liable for the torts of his wife prevails.

The following states have married women's acts or statutes passed, but the husband is not relieved from liability for the torts committed by his wife: California, Iowa, Minnesota, Texas and West Virginia.

We are of opinion that from a proper construction of the Married Woman's Emancipation Act of 1919, chapter 126, Dr. Washington, the defendant below, was not liable for the negligence or tort of his wife, Mrs. Kate Washington, who was driving the car. Whether owned by her husband or not, he was guilty of no negligence and the negligent act or tort was committed during the absence or not in

the presence of the defendant Dr. Washington. The legislature of Tennessee, in our opinion, intended to emancipate women. As to the policy, wisdom, or justice of the legislation in question this court could have no rightful concern. It must take the law as it has been established by competent legislative authority. It cannot, in any legal sense, make law, but only declare what the law is as estabished by competent authority.

We find no error in the judgment of the court below. A judgment contrary to the one rendered in the lower court would have the effect, we think, to defeat the clearly expressed will of the legislature by a construction of its words that cannot be reconciled with their ordinary meaning. The assignments of error are overruled and the judgment of the lower court is affirmed. The cost of the appeal and the cost of the lower court are adjudged against the plaintiff and his surety on appeal bond, for which execution may issue.

Heiskell and Senter, JJ., concur.